## BOARD OF LICENSE COMMISSIONERS OF THE CITY OF PROVIDENCE *vs.* BERNARD O'CONNOR.

In proceedings under Pub. Laws R. I. cap. 816, § 11, of August 1, 1889, to revoke a
license for the sale of intoxicating liquors, a license was revoked by the license com-
missioners after hearing unsworn statements, it being assumed by all parties that an
oath was not needful.

On *certiorari:*

*Held,* that " witness " in § 11 meant witness duly sworn.

*Held,* further, in the circumstances, that the licensee did not waive the oath to the wit-
nesses by not objecting to its omission.

*Held,* further, that the commissioners had implied power to administer the necessary
oath.

*Held,* further, that the record, not showing that the witnesses were sworn, was fatally
defective, and that the proceedings must be quashed.

CERTIORARI reviewing the proceedings of the Board of License
Commissioners of Providence.

*May* 10, 1890. PER CURIAM. This was a proceeding by the
license commissioners of the city of Providence, under Pub. Laws
R. I. cap. 816, § 11, of August 1, 1889, against the respondent, a
licensed liquor dealer, to revoke his license. It is brought before
us by writ of *certiorari* for alleged error in the procedure. It is
provided in said section 11 that any licensee may be summoned
before the commissioners in certain circumstances, " when he and
the witnesses for and against him may be heard," and if it shall
be made to appear to the satisfaction of the commissioners that
said licensee has violated any of the provisions of said chapter,
that the commissioners shall revoke his license. The respondent
was so summoned before the commissioners, and certain persons
appeared before them and made statements going to show that the
respondent had violated said chapter by selling intoxicating liquor
on Sunday, and the respondent was heard in reply to deny the
charge. Judgment was rendered revoking the license. The rec-
ord does not show that either of said persons, or that the respond-

ent, was sworn as a witness, and it is contended that the proceeding is void on account of the omission to swear them.

It is conceded that the word "witness," as used in section 11, must be construed to mean a witness duly sworn; but the contention is, that the respondent, by allowing the statements to be made without objection, waived the oath, and cannot now object to the procedure because it was omitted. It seems, however, to have been assumed by the commissioners and other persons present, as well, also, by the respondent, that the oath was not necessary. We think that in these circumstances the omission to object to the want of it cannot be regarded as a waiver of it, inasmuch as the respondent apparently did not understand his right. *Hawks* v. *Baker*, 6 Me. 72.

The oath being necessary, we think it is to be implied that the commissioners have the power to administer it, and that the omission to administer it must be held to be fatal to the proceeding. The record of the proceeding will, therefore, be quashed.

*Cyrus M. Van Slyck*, Assistant City Solicitor of the city of Providence, for the Board.

*George J. West*, for respondent.