BENJAMIN H. CHILD, Chief of Police of the City of Providence, *vs.* FREDERICK BEMUS.

Under a statute empowering the city council of Providence " to make laws, ordinances, and regulations relative to hackney carriages, trucks, carts, and other vehicles, and licensing and regulating the same," the city council adopted an ordinance forbidding any person to drive a hackney carriage without license, giving to the mayor and board of aldermen power to grant licenses, in their discretion, and giving to the mayor power to revoke any license so granted.

*Held*, that the ordinance was valid, and that a license given under it was revocable by the mayor without notice to the license holder.

EXCEPTIONS to the Court of Common Pleas.

*February* 7, 1891. DURFEE, C. J. This is a complaint against

the defendant for driving a hackney carriage without license, in violation of an ordinance of the city of Providence. On trial thereof in the Court of Common Pleas, on appeal from the Police Court, it appeared that July, A. D. 1890, a license was granted to the defendant for one year, and that September 16, A. D. 1890, it was revoked by the mayor on recommendation of the superintendent of hacks, representing that the defendant had refused to remove his carriage, at the Boston depot, when told to do so by the officer there. It was revoked without notice or hearing. The evidence in support of the complaint showed that the defendant was driving for hire September 22, A. D. 1890. The defence was, that the revocation was void. The jury, under rulings by the court sustaining its validity, found the defendant guilty. The cause is before us on exceptions to said rulings.

Power is given to the city council of the city of Providence by the city charter, " to make laws, ordinances, and regulations relative to . . . hackney carriages, trucks, carts, and other vehicles, and licensing and regulating the same." Under this provision the city council passed an ordinance forbidding any person to drive a hackney carriage in the city without license from the mayor and board of aldermen, under penalty of a fine of not less than ten nor more than twenty dollars; making the license grantable by the mayor and aldermen in their discretion, and giving the mayor power to revoke any license so granted.

The defendant's first point is, that the city council, in conferring upon the mayor power to revoke, exceeded their authority under the charter. The authority given by the charter is expressed in broad terms. It is to make laws, ordinances, and regulations *relative to* hackney carriages and *licensing* them. The language seems to us to be broad enough to authorize not only the granting of licenses, but also the granting of them subject to a power of revocation. And we see no reason why such power may not be vested by ordinance in the mayor. It is argued that the licensee has a vested right in his license, beyond the city council's power to forfeit. Assuming that this would be so if the power to revoke were not reserved, it seems to us that when, as here, the license is granted under an ordinance that gives or reserves the power, it is to be regarded as subject to the power and terminable by its exercise.

The license is in the nature of a privilege to perform a public service or function for reward, which service or function, for the public good and to secure its orderly and efficient performance, must be subjected to certain regulations. These regulations must be obeyed ; and therefore the power to revoke the license is highly important, since the licensee may be not only disobedient, but obdurate and incorrigible. The cases cited for the defendant to show that a town or city cannot enforce its by-laws or ordinances by forfeitures of property, where it is empowered to enforce them by fines, do not seem to us to be in point. In *Heise* v. *Town Council of Columbia*, 6 Rich. S. Car. 404, which at first view appears as if it might be so, it was decided that the town council had no power to subject a liquor license, granted by them, to forfeiture for breach thereof ; but there the license was granted by the town council, acting under a statute of the State, prescribing conditions and restrictions, and the court held that, the legislature having prescribed them, the town council could not add to them. The case differs from this, for here the whole matter of licensing is left unrestricted to the city council.

The defendant contends that the city council, if it was authorized to confer the power, was not authorized to confer it to be exercised without first giving notice to the licensee and allowing him an opportunity to be heard. We acknowledge that an exercise after notice and hearing would better suit our notions of proper procedure than an exercise without them. The ordinance prescribes no procedure, but leaves the matter wholly to the mayor's discretion. Is the ordinance, on this account, so unreasonable or oppressive that it is void ? The complainant cites *Commonwealth* v. *Kinsley*, 133 Mass. 578. In that case it was decided that a statute authorizing the selectmen in towns to grant licenses to keep tables for playing at pool for hire, and providing that " such licenses may be revoked at the pleasure of the authority granting it," is constitutional. The license was revoked there without notice. " A licensee," say the court, " takes his license subject to such conditions as the legislature sees fit to impose, and one of the statutory conditions of this license was that it might be revoked by the selectmen at their pleasure." The question of reasonableness did not arise, since a statute, if constitutional, is valid whether reasonable

or not.    The reasonableness of an ordinance even, it has been held, cannot be inquired into by the court, if specifically authorized by the legislature.    In the case at bar we may inquire, the authority being general.    But such an inquiry is a nice one, especially if it regards policy rather than principle, and it seems to us that the court in making it should take care not to be influenced too much by its own judicial usages or predilections.    Here especially it is to be remembered that the power was given for administrative not judicial purposes.    While the mayor may revoke a license under the power, if it be valid, without notifying or hearing the licensee, there is, on the other hand, nothing to prevent his giving a hearing first, if he sees fit ; and the question is, whether it is reasonable for him to be intrusted with such a discretion.    It appears from *Commonwealth* v. *Kinsley*, *supra*, that the legislature of Massachusetts considered the conferring of such a power not unreasonable, for otherwise, presumably, they would not have conferred it.    The matter there was of no more urgency than the matter here.    The reasons would be stronger here against the power if the licensee were required to pay heavily for his license, but he has to pay only a dollar's fee for it; and if a license has been revoked unduly, there is nothing to prevent the board of aldermen from righting the wrong by granting a new one.    We have come to the conclusion, after much consideration, that it is not sufficiently plain that the power or the clause of the ordinance that grants the power, is unreasonable or oppressive, to make it our duty to declare it void.

*Exceptions overruled.*

*Nicholas Van Slyck*, City Solicitor of the City of Providence, & *Cyrus M. Van Slyck*, Assistant City Solicitor, for plaintiff.

*Charles E. Gorman*, for defendant.