THE STATE, ALBERT LAMBERT, PROSECUTOR, v. THE
MAYOR AND COMMON COUNCIL OF THE CITY OF
RAHWAY AND WILLIAM R. FRAZEE, POLICE JUS-
TICE.

1. The authority to revoke the license of a retail liquor dealer in the
city of Rahway is vested exclusively in the common council by virtue
of the second section of a supplement to the city charter passed in
1871 (*Pamph. L.*, p. 1448), and such power or authority cannot be, by
ordinance or otherwise, delegated to a police justice of that city to
exercise.

2. A conviction for the violation of an ordinance against the sale of in-
toxicating liquor by a retail liquor dealer on Sunday, which operates
as a revocation of the license of the liquor dealer, is void, and the
ordinance which confers upon the conviction such an operation is also
void, as not being within the chartered powers of the common council
to enact.

3. The action of the common council in the revocation of a license of a
retail liquor dealer in accordance with the provisions of the charter,
is judicial in its nature, and it can only be taken and exercised upon
notice and hearing.

4. Where two sections of an ordinance, one within the chartered powers
of the common council to enact and therefore legal, and the other in
excess of authority and therefore illegal and void, are so inseparably
connected and involved with each other that a conviction for the
violation of either results in the imposition of a penalty or forfeiture
under the illegal section of the ordinance, then the proceedings lead-
ing to, and the conviction resulting from such proceedings are unlaw-
ful and will be set aside.

On *certiorari.*

Argued at November Term. 1895, before Justices GARRI-
SON and LIPPINCOTT.

For the prosecutor, *James C. Connolly.*

For the defendants, *Benjamin A. Vail.*

The opinion of the court was delivered by

LIPPINCOTT, J.    By this writ the prosecutor seeks to re-
view the conviction had on May 3d, 1895, against him, before

William R. Frazee, a police justice of the city of Rahway, for the violation of the sixteenth section of an ordinance entitled "An ordinance relative to inns and taverns in the city of Rahway," adopted by the common council and approved by the mayor on July 5th, 1883.

Complaint was made on April 17th, 1895, against the prosecutor, who, by the return made to this writ, was a licensed retail liquor dealer in the city of Rahway, that on the 1st day of July, A. D. 1895, he sold to one Edward W. Chapin one glass of apple whiskey and one bottle of apple whiskey, contrary to the provisions of the said sixteenth section of this ordinance, which provides that if any licensed person shall, on Sunday, sell, offer for sale or give away any spirituous, vinous or fermented liquors, he shall be punished as provided in the second section of the ordinance. This second section of the ordinance, as amended by a supplement thereto adopted on December 31st, 1884, provides a penalty of $20, upon conviction of the offence of selling on Sunday as provided in the sixteenth section of the ordinance.

If these proceedings under this ordinance, and the effect of the conviction, stopped with the imposition of the penalty provided by the second section thereof, there might exist no great difficulty in sustaining the conviction.

Objection to the conviction is made upon the ground that the complaint against the prosecutor does not specify under which sections of the ordinance the proceedings were taken. The complaint is based upon the sixteenth section, which in itself provides no penalty, but the sixteenth section provides distinctly that the offender shall be subject to the penalty provided by the second section. This reference would seem to include the penalty imposed by the second section, and thus a complaint formally based upon the sixteenth section could hardly mislead the prosecutor as to the section under which he was being proceeded against.

It is also objected that the conviction does not set forth the facts upon which it is based. A rule was taken on the justice to certify the facts, and he has made return to this rule of the

evidence before him, and, whilst this procedure is assailed as being contrary to the practice of the court, it may be that the law would, if this were the only point of objection, sustain the conviction under these sections of the ordinance.

But as the case is presented, these objections are not considered or determined.

There is no attempt upon the part of the prosecutor to assail the power of the mayor and common council of the city of Rahway to adopt an ordinance of the character contained in the sixteenth section. The power is expressly granted by the legislature to the common council to "license, regulate and control the selling of spirituous or fermented liquors in any quantities, and may punish violation thereof and may also revoke licenses." *Pamph. L.* 1871, *p.* 1448, § 2. The general power to pass ordinances was conferred by the amended charter of 1865. *Pamph. L., p.* 449, §§ 25, 26.

Under these provisions of the city charter, the common council, with the approval of the mayor, was fully authorized to enact an ordinance imposing a penalty for the offence of the sale of liquor on Sunday, such as is provided by the sixteenth and second sections of this ordinance. If these sections stood alone upon this subject, no difficulty whatever would be encountered.

But by the seventeenth section of this ordinance, which has direct reference to the prohibitions of the sixteenth section, another and a different penalty has been affixed to the conviction of a sale of liquor on Sunday. By this section this conviction for a sale of liquor on Sunday was made to operate, *ipso facto*, as a revocation of the license of the prosecutor. This section provides expressly "that if any person to whom a license has been issued  *  *  *  shall be convicted of a violation of any of the provisions of this ordinance, such conviction shall operate as a revocation of the license to such person so granted." Upon conviction it becomes the duty of the police justice to certify the conviction to the common council, and that body must direct the certificate to be filed with the city clerk, whereupon it becomes his duty to notify

the person licensed of the revocation, and if he continues to sell after such notice, he becomes liable to the penalties provided by an ordinance covering such cases. The conviction operates as a revocation, and notice of the revocation is thus provided.

It will be perceived that the seventeenth section, so far as penalty is concerned, is made an inseparable part of the sixteenth and second sections of the ordinance, and the penalty of revocation becomes as much the result of the conviction as the money penalty imposed by the police justice.

If it be not within the power or authority of the police justice, by his conviction, to impose upon conviction revocation of the license as a part of the judgment, then the conviction cannot stand.

The contention of the prosecutor is that the police justice was without authority to revoke the license, and that the seventeenth section of the ordinance which confers such power is invalid and the proceedings and conviction void.

By the twenty-ninth section of an act entitled "An act to revise and amend the charter of the city of Rahway," approved March 23d, 1865 (*Pamph. L.*, *p.* 499), it is provided "that the sole and exclusive power to grant licenses to persons to keep inns and taverns within said city shall be vested in the common council, and they are authorized to revoke such licenses for cause shown."

This act only applies to inns and taverns, but the act does not, in any part of it, confer any power to revoke licenses upon any other body than the common council.

By section 2 of a supplement to the charter of the city of Rahway, approved April 6th, 1871 (*Pamph. L.*, *p.* 1448), it is provided "that said common council shall have power to license, regulate and control the selling of spirituous, vinous, distilled or fermented liquors in any quantities, and may punish violations thereof and may also revoke said licenses."

Under the authority of this statute the prosecutor was licensed, and no part of this statute authorizes a revocation by proceedings before a police justice, or authorizes the dele-

gation of such power to any other person or body than the common council. This power is exclusively conferred by the statute upon the common council, but by virtue of the ordinance, without notice to the prosecutor or trial before the body having this power, which is judicial in its character, to hear and determine the matter, the revocation becomes a part of the proceedings and conviction of the police justice.

The ordinance, therefore, is not only invalid but the conviction which works this forfeiture of the rights of the prosecutor is in violation of well-recognized principles of law. In order to confer power on the common council to make ordinances not only imposing penalties, but in addition thereto working forfeitures, it is necessary that such power should be conferred by unequivocal statutory expressions. "A corporation, under a general power to make by-laws, cannot make a by-law ordaining a forfeiture of property. To warrant the exercise of such an extraordinary authority by a local and limited jurisdiction, the rule is reasonably adopted that it must be plainly, if not indeed expressly, conferred by the legislature." 1 *Dill. Mun. Corp.* (*4th ed.*), § 345, and cases cited in the note; *White* v. *Tallman*, 2 *Dutcher* 67; *Bergen* v. *Clarkson*, 1 *Halst.* 352.

The charter specifically provides that the common council is the corporate body upon which the power is conferred to revoke such licenses, and this power so conferred excludes jurisdiction by any other body or person to adjudge revocation, either directly or indirectly. 1 *Dill. Mun. Corp.* (*4th ed.*), § 339; *Bergen* v. *Clarkson*, 1 *Halst.* 352, 366.

The common council exceeded its chartered authority in the enactment of the seventeenth section of this ordinance, which by its general effect revokes the license, without notice or hearing before the only body having power to adjudge the revocation. This revocation becomes a part of the conviction. This section of the ordinance is not only void, but so, too, are the proceedings illegal which directly or indirectly accomplish the object of the ordinance. *Leland* v. *Commissioners*, 13 *Vroom* 375; 1 *Dill. Mun. Corp.* (*4th ed.*), § 346, and cases

cited. It can neither by ordinance delegate the exercise of this power of revocation to the police justice nor declare antecedently the effect and operation of the judgment for a violation of an ordinance. This result and adjudication can only be declared by the common council itself. 2 *Dill. Mun. Corp.* (*4th ed.*), § 779; 1 *Dill. Mun. Corp.*, §§ 96, 97; *Bodine* v. *Trenton,* 7 *Vroom* 198, 199. It is in the nature of a judicial function, and it can only be exercised by the common council upon notice and hearing. It must be by legal investigation and adjudication. This seventeenth section of this ordinance, being in violation of this principle, is void. 1 *Dill. Mun. Corp.* (*4th ed.*), §§ 345, 346; *Bodine* v. *Trenton, supra.* The propriety of granting a license when the power is conferred upon the common council cannot be delegated by ordinance. *Winants* v. *Bayonne,* 15 *Vroom* 114. The power of removal of a police officer cannot be delegated to a board established by ordinance called the "Board of Police," when the power of removal was conferred upon the common council. *Carey* v. *Plainfield,* 24 *Vroom* 311. The common council cannot divest itself of the trust which the legislature has confided to it to revoke licenses. *Volk* v. *Newark,* 18 *Vroom* 117. Even when the power to revoke licenses is to be exercised by the common council, as it acts judicially in its determination of the matter, the prosecutor would have been entitled to notice and a hearing before the revocation would be legal. *Decker* v. *Board of Excise,* 28 *Id.* 603; 1 *Dill. Mun. Corp.* (*4th ed.*), § 349; *State* v. *Ziegler,* 3 *Vroom* 262, 267.

The seventeenth section of this ordinance was therefore beyond the power of the common council to enact and is therefore void. The penalty of revocation provided by this section became an inseparable part of the judgment, upon conviction of the prosecutor, as much so as if it had been literally expressed in the adjudication of the police justice. This unauthorized result arising from the conviction renders it and the proceedings out of which it grew illegal. Therefore, the conviction must be set aside, with costs.