STATE EX REL. STATE BOARD OF MEDICAL EXAMINERS, RELATOR, *v.* DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT, DEPARTMENT NO. 2, DEFENDANT.

(No. 1,738.)

(Submitted November 25, 1901. Decided December 2, 1901.)

*Courts—Jurisdiction — Physicians and Surgeons—Right to Practice Medicine — Examination — Refusal of Medical Board to Grant Certificate—Right to Practice Pending Appeal.*

Whether acting under its general constitutional powers or as exercising a special and limited jurisdiction derived exclusively from the statute (Political Code, Sec. 603), the district court has no power to allow an applicant to practice medicine pending his appeal from a refusal of the state board of medical examiners to grant him a certificate.

APPLICATION for a writ of *certiorari* by the state, on relation of the State Board of Medical Examiners, against the First Judicial District Court, Department No. 2, in and for Lewis and Clarke County, to annul an order allowing a petitioner to practice medicine pending an appeal. Order annulled.

*Mr. James Donovan, Attorney General,* for Relator.

*Mr. R. S. Stockton,* for Defendant.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of *certiorari.* The board of medical examiners of the state of Montana was organized under the provisions of Article XVI, Part III, Title I, Chapter III (Secs. 600-608) of the Political Code. It has power to grant certificates of proficiency to persons who desire to begin the practice of medicine or surgery in any of their branches in this state; and to this end it is its duty, among other things, to hold meetings at the city of Helena on the first Tuesday of April and October each year, and at such other times at the same or any other places the board may choose, for the purpose of ascertaining the proficiency of all applicants for such certificates. Any person is deemed to be proficient who is possessed of a diploma from a medical school legally organized and in good standing, whose teachers are all graduates of a legally organized medical school, provided he is able to pass an examination upon the subjects enumerated in the statute and on such others as the board may think necessary; and provided, also, he can present evidence that he has attended four courses of lectures of at least six months each. The board is empowered to refuse a certificate to any applicant who, in its opinion, does not show himself proficient, or who, upon an investigation after charges preferred, is found to have been guilty of unprofessional, dishonorable or immoral conduct. On the ground last mentioned, and after a similar investigation, the board may also revoke a certificate already granted. In all cases of a refusal or revocation of a certificate, the person aggrieved thereby may appeal from the decision of the board to the district court of the county in which the decision is made, and the court may affirm or reverse the action of the board, according to the facts as they are made to appear. The possession of a license or certificate is made a prerequisite to engaging or continuing in the practice of medicine or surgery by any person, except a midwife of skill and experience, a commissioned surgeon of the

United States army or navy while in the discharge of duty, or
a physician or surgeon from another state or territory while in
actual consultation.   If, during the time intervening between
the sittings of the board, a person desires to begin practice, he
may do so after obtaining a certificate from the secretary of
the board, who has power to issue the same, upon presentation
to him of a diploma meeting the requirements stated above.
This certificate is good until the next regular meeting of the
board.   A violation or disregard of these provisions of the
statute is denounced as a misdemeanor, and subjects the of-
fender to the penalty of a fine or imprisonment, or both, at the
discretion of the court having cognizance of the offense.

On October 1, 1901, one J. F. Grinstead presented his di-
ploma to the said board, then in regular session at Helena, and
asked that he might be permitted to submit to the required ex-
amination.   He was allowed to begin the examination, but dur-
ing the course of it, as was alleged by the secretary of the
board, he was detected in the use of certain notes and memo-
randa to aid him in answering the questions propounded, and
thus to obtain an undue advantage over the board and the other
candidates then being examined.   He was thereupon denied
the privilege of continuing the examination.   A charge was
preferred to the board by its secretary, accusing him of "un-
professional, dishonorable and immoral conduct," the specifi-
cation being that he had been detected in the use of said notes
and memoranda for the purpose stated.   After written notice,
and an examination by the board into the facts, he was found
guilty and refused a certificate.   He immediately appealed to
the district court of Lewis and Clarke county, and thereupon
applied to that court for an order permitting him to engage in
the practice of his profession until a hearing could be had upon
the merits.   The judge required him to submit to an examina-
tion in open court as to his qualifications, and thereupon made
the following order: "Upon reading and filing the petition of
J. F. Grinstead, praying that he be authorized, during the pen-
dency of the appeal taken by him in the above-entitled pro-

ceeding, to practice medicine and surgery in the state of Montana, and after having duly considered the same, I do hereby authorize and empower the said J. F. Grinstead, petitioner, to practice medicine and surgery in the state of Montana pending the said appeal." It is sought by this proceeding to have this order annulled on the ground that it was made in excess of jurisdiction.

The only question presented is whether the district court having jurisdiction of the appeal has also the power to make the order complained of, and thus to grant to the appellant, pending a hearing, immunity from punishment for doing that which the statute denounces as a misdemeanor.

Section 603 of the Political Code, after providing generally that an appeal may be taken from the decision of the board refusing or revoking a certificate and regulating the procedure to be observed upon a trial of the merits, closes with the following provision: "In case of an appeal from a decision revoking a certificate the appellant may be permitted, in the discretion of the court, to practice during the pendency of the appeal." It is silent as to the power of the court in cases in which the board refuses a certificate.

Counsel for the defendant, as we understand him, assumes the position that the district court is a court of general jurisdiction; that the right to practice medicine and surgery is a natural right; and that the court having jurisdiction of the appeal, also has the inherent power, in the absence of an express prohibition to the contrary, to permit the appellant to exercise this natural right until it is determined by a trial upon the merits that he does not possess the requisite qualifications. The attorney general argues that the jurisdiction conferred by the statute over these appeals is special and limited, and that the district court, in the exercise of it, has no other powers than those expressly given. It follows, therefore, he says, that, as the statute nowhere in express terms authorizes the court to grant permission to practice pending the appeal in this class of cases, the order in question was without jurisdiction and void.

It may be stated, as a general proposition, that every person
has a natural right to pursue any lawful business or profession.
This general statement is subject, however, to the limitation
that the person asserting such a right must, before attempting
to exercise it, comply with all reasonable police regulations
made by the state touching the qualifications declared neces-
sary for the particular calling. In the absence of such regu-
lations, the right is absolute, and may be exercised at pleasure;
but where they exist compliance with them is a condition pre-
cedent, and until this condition is fulfilled the right is in abey-
ance, and may not be exercised at all.

The power to ascertain, in the first instance, whether this
condition precedent has been fulfilled, and to declare that the
right may be exercised, is therefore, in a qualified sense, a
power to create and grant the right. Under the constitution
district courts have jurisdiction extending to all classes of cases
therein enumerated, and to all special actions and proceedings
not otherwise provided for, as well as to appeals from justices'
and other inferior courts in such cases as are provided for by
law and consistent with the constitution. Yet they have no
power to create a right where none exists, or to permit the ex-
ercise of existing ones contrary to law. Their powers are con-
fined to the ascertainment of existing rights, and the enforce-
ment of them when so ascertained. It is the exclusive province
of the legislature to declare the law regulating the rights of
citizens. So long as it does not violate any provision of the
constitution, its will is absolute. It is the province of courts
to enforce the law, and they have no power to disregard it, or
to suspend its operation, except in the cases and upon the con-
ditions expressly declared. In this case no question is made
as to the power of the legislature to create the board of medical
examiners, and to define its powers; nor is any complaint made
that any of the prescribed regulations are unreasonable. Such
legislation has always been upheld as a wise exercise of the
police powers of the state, and necessary to the protection of
the public. This is particularly true of a calling or profession

which requires technical knowledge and skill. Without such knowledge and skill in the practitioner, there is danger that damage will result to those who employ him. Therefore one may be prohibited from pursuing such a calling or profession until he has been examined by the lawfully constituted authorities, and declared sufficiently qualified to engage in it with safety to the public.

The legislature, in the exercise of its legitimate power, has prescribed the conditions precedent upon the fulfillment of which one may begin and continue the practice of medicine and surgery, and has prohibited it in all other cases. It has also established the board of examiners, whose province it is, in the first instance, to declare whether these conditions have been observed, and made the determination of the board final, subject only to revision by the courts for errors and abuses. The courts, therefore, have no power to suspend the operation of the will of the legislature thus declared, and usurp the authority lodged in the board. To do this would be equivalent to an exercise of the exclusive functions of the legislature and of the board. This the courts may not do, even though a violation of the statute was not denounced as a misdemeanor. As it is, the prohibition directed to the individual citizen is as much a limit to the power of the court as if it had been expressly provided that the court should not grant permission to pursue the practice pending the appeal in this class of cases.

For obvious reasons the legislature deemed it proper, in a case where a certificate has been revoked, to authorize the courts, in their discretion, to grant the appellant permission to practice pending his appeal. In his case the conditions precedent have all been fulfilled. His right has accrued. He has, perhaps, by his energy and application, built up a profitable practice. It is the means of support for himself and family. This should not be taken away without good cause. It is therefore but just that he be permitted to exercise his right until it is finally adjudged that he has forfeited it; especially so, if it is made to appear *prima facie* that the forfeiture has been de-

clared upon doubtful evidence, or from bad motives on the part of the board. In case of an applicant for a certificate in the first instance no such reason exists. No right has been established. No practice depends upon his attention. He will suffer no immediate material injury if the certificate be withheld for a reasonable time until he can demonstrate that the action of the board in denying it was arbitrary or erroneous. The burden is upon him to establish his right. In the other case the burden rests upon the state represented by the medical board.

The statute recognizes this clear distinction between the two classes of cases, and the intention of the legislature in this regard is manifested by the explicit provision touching the former and its silence touching the latter. The principle contained in the maxim, *"Expressio unius est exclusio alterius,"* clearly applies, and the order was clearly unauthorized, whether the district court be regarded as acting under its general constitutional powers or as exercising a special and limited jurisdiction derived exclusively from the statute. It was not within its power to insert in the statute what was omitted therefrom by manifest intention, and thus to grant a right expressly prohibited.

Counsel for defendant suggested during the argument that, though the order be held to be in excess of jurisdiction, it should not be annulled in this proceeding, because it is manifest that it will not result in injustice or wrong to any one. In support of this suggestion he cited *Meads* v. *Belt Copper Mines* (Mich.), 84 N. W. 615. Conceding that we might, in our discretion, refuse to issue the writ in the first instance in a case where it is apparent that no injustice would be done, or dismiss the proceeding on this ground after the writ has issued and the record of the district court has been certified up, the case cited is not in point. The relator herein, as such, would suffer no injustice if the order were permitted to stand. The people, however, have a right to have the law administered according to its manifest spirit and purpose. To disregard this right would be to permit a public wrong, and to set aside the will of the people as expressed through the legislature.

A judgment may therefore be entered annulling the order at the cost of defendant.

*Order annulled.*