STATE EX REL. BRAY, APPELLANT, *v.* SETTLES, COUNTY TREASURER, RESPONDENT.

(No. 2,326.)

(Submitted October 5, 1906. Decided October 29, 1906.)

*Mandamus—Intoxicating   Liquors—Licenses—Statutes—Constitutionality.*

*Mandamus*—County Treasurers—Intoxicating Liquors—Licenses.
   1. *Mandamus* does not lie to compel a county treasurer to issue a license to a liquor dealer who, after the expiration of a license obtained under Chapter 82 of the Session Laws of 1905, page 174, tendered the necessary license fee and demanded that a new license be issued to him to carry on the business at the same place for the ensuing six months, his contention that, having once had favorable action on his petition for such a license by the board of county commissioners, he was not required thereafter at any time to present a new petition signed by the requisite number of resident freeholders, and that therefore it was the duty of the county treasurer to issue a new license on demand, being untenable.

Intoxicating Liquors—Legislative Regulations—Licenses.
   2. The legislature, in regulating the sale of intoxicating liquors, may impose any restrictions it may deem proper upon those engaged in such business, and the argument of inconvenience will not avail so long as any such regulation bears equally upon all persons falling in his particular class.

Same—Statutes—Constitutional Objections.
   3. Chapter 82, Session Laws of 1905, page 174, is not obnoxious to constitutional principles, in that it grants to the board of county

commissioners authority to act capriciously in the matter of granting or refusing licenses to sell intoxicating liquors, the discretion in that Act conferred upon them being a fair administrative one, and the mere fact that the power vested in them may be abused being no valid objection to the legislation.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

Mandamus by the state, on relation of M. H. Bray, to compel W. M. G. Settles, as county treasurer of Lewis and Clark county, to issue a liquor license to relator. From a judgment dismissing the proceedings, he appeals. Affirmed.

*Mr. C. B. Nolan,* for Appellant.

It was not the intention of the legislature that these petitions for liquor licenses should be presented every six months. In construing a statute all of the language should be given effect if possible. (*State ex rel. Knight* v. *Cave,* 20 Mont. 468, 52 Pac. 200. See, likewise, *Perkins* v. *Guy,* 2 Mont. 15; *Hope Min. Co.* v. *Kennon,* 3 Mont. 35; *Lane* v. *Commissioners of Missoula County,* 6 Mont. 477, 13 Pac. 138.)

While it is true that no vested right exists to engage in the business of retailing liquors, the statute in question is obnoxious to constitutional principles in granting to the county commissioners authority to act capriciously. (*Bessonier* v. *Indianapolis,* 71 Ind. 189; *Richmond* v. *Dudley,* 129 Ind. 112, 28 Am. St. Rep. 180, 28 N. E. 312, 13 L. R. A. 587; *Cicero Lumber Co.* v. *Cicero,* 176 Ill. 9, 68 Am. St. Rep. 155, 51 N. E. 758, 42 L. R. A. 696; *Noel* v. *People,* 187 Ill. 587, 79 Am. St. Rep. 238, 58 N. E. 616, 52 L. R. A. 287; *Baltimore* v. *Radecke,* 49 Md. 217, 33 Am. Rep. 239; *Sioux Falls* v. *Kirby,* 6 S. Dak. 62, 60 N. W. 156, 25 L. R. A. 621; *Yick Wo* v. *Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220.)

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent.

A state, in the exercise of its police power, may entirely prohibit all liquor traffic within its borders. (Cooley's Constitutional

Limitations, 7th ed., p. 845; *Bartemeyer* v. *Iowa*, 18 Wall. 129, 21 L. Ed. 929.) And this prohibition may even extend to original packages imported from another state or country. (*May* v. *New Orleans*, 178 U. S. 496, 20 Sup. Ct. 976, 44 L. Ed. 1165; *Austin* v. *Tennessee*, 179 U. S. 343, 21 Sup. Ct. 132, 45 L. Ed. 224; Freund on Police Power, sec. 81.) If a state has the power to prohibit, it may regulate and control. A statute which gives to freeholders a right to say whether a saloon may be established in their midst confers upon such freeholders a power and authority which may be exercised arbitrarily or capriciously; still such statutes are constitutional. (*Metcalf* v. *State*, 76 Ga. 308; *State* v. *Weber*, 20 Neb. 467, 30 N. W. 531; 17 Am. & Eng. Ency. of Law, 249; Freund on Police Power, secs. 645, 652.) A statute which confers upon a city authority to prohibit or regulate the liquor traffic within its boundaries gives to such city a power which may be used capriciously, yet such statutes are constitutional. (*State* v. *Harper*, 42 La. Ann. 312, 7 South. 446; *Florence* v. *Brown*, 49 S. C. 332, 26 S. E. 880, 27 S. E. 273; 17 Am. & Eng. Ency. of Law, 225. See, also, *Savage* v. *Virginia*, 84 Va. 582, 619, 5 S. E. 563, 565.)

With reference to the discretionary power relating to the issuing of licenses, see *People* v. *Grant*, 126 N. Y. 473, 27 N. E. 964; *Armstrong* v. *Murphy*, 65 App. Div. 123, 72 N. Y. Supp. 473; Freund on Police Power, sec. 652.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Mandamus.* On or before September 9, 1905, the appellant (relator) "filed and presented to the board of county commissioners" of Lewis and Clark county a petition signed by twenty freeholders residing in the village of Wolf Creek in said county, asking that a license be issued to him permitting him to carry on the business of a retail liquor dealer at Wolf Creek for six months, said village having a population of less than one hundred. After considering the petition, the board ordered the county treasurer to issue the license, and that officer did so under

date of September 9, 1905, upon payment of $165, this sum being fixed by the statute (Chapter 82, p. 174, Laws of 1905, sec. 1) as the amount to be paid semi-annually for such license. On March 9, 1905, the day the license expired, the relator tendered $165 to the county treasurer, and demanded a license to be issued to him to carry on the same business at the same place for the six months beginning on that day. The treasurer refused to grant the demand without an order of the board of commissioners directing him to do so. This action was then begun to compel the issuance of the license. The district court issued an alternative writ. The defendant showed cause by demurrer, which upon consideration the court sustained, dismissing the proceedings and rendering judgment for defendant for costs. Thereupon the relator appealed.

The contention is that it was the duty of the treasurer, under the provisions of Chapter 71, page 154, of the Laws of 1905, to issue the license on demand, because the appellant, having once presented his petition to the board of county commissioners, was not required thereafter at any time to present a new petition or to have any action thereon by the board. The Act referred to is entitled: "An Act to Regulate the Issuance of Licenses of Retail Liquor Dealers in Cities, Towns, Villages or Camps containing a Population of less than one hundred"; and whether the appellant's contention is maintainable depends upon what construction is to be given to it.

Section 1 of the Act, after declaring that all retail liquor dealers in all cities, towns, villages, or camps, etc., having a population of less than one hundred shall obtain a license from the county treasurer, proceeds: "But before the county treasurer shall be permitted to issue such license, petition shall first be filed and presented to the board of county commissioners of the county, signed by at least twenty freeholders residing within the particular city, town, village, camp, or township in which any person seeking such a license, intends to engage in business, requesting the issuance of such license to such person, and they

·shall in their discretion thereupon direct the county treasurer to issue such license, but not otherwise.''

Section 2 lodges the matter of directing the license to issue entirely in the discretion of the board of county commissioners.

Section 3 provides for the revocation of such license, and specifies the circumstances under which the revocation may be made.

Counsel for appellant bases his contention upon the words ''intends to engage in business,'' found in section 1 quoted *supra*, and argues that one already engaged in business cannot entertain an intention to engage in it, and therefore the use of the word ''intends'' precludes the idea that after a license has once been issued, an applicant for another license at the expiration of the term for which he has already been licensed, shall again apply to the board for an order. It is manifest, however, from reading the Act, that it was the intention of the legislature to prohibit specially the sale of intoxicating liquors in the class of communities mentioned in all cases, except where the people residing in them should give their consent. For unless this were the purpose, the Act could not apply to a person already engaged in the business at the time of the passage of the Act; and we may not conclude that the legislature intended it to apply only to persons about to engage in it in those communities where no such business was then being carried on. ''In the construction of a statute the intention of the legislature * * * is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. * * * So a particular intent will control a general one that is inconsistent with it.'' (Code Civ. Proc., sec. 3135.)

We think the general intention of the legislature is manifest, and that the loose use of the word ''intends'' in the recital, upon which appellant founds his contention, cannot be held to be an expression of a particular intent which will control and in great measure render the Act nugatory. Literally interpreted, the word ''intends'' conveys the idea contended for by appellant; but we think it apparent that its use was the result of hasty

and careless work on the part of the person who drew the bill, rather than that it is the expression of a well-defined intention on the part of the legislature to limit its operation. It renders the Act somewhat ambiguous, but the ambiguity must be resolved in favor of that construction which will render the Act uniform in its operation in all localities to which it was intended to apply.

And it can be no serious objection to the Act as a whole, that it renders it exceedingly inconvenient for persons intending to obtain a second license, to apply to the board of county commissioners, for the reason that licenses expire at different dates, and that the board is not always in session, or that, in order to accommodate those engaged in such business, it must hold special meetings at the expense of the county. It is entirely within the province of the legislature, in the exercise of the police power of the state to regulate the sale of intoxicating liquors and to impose such restrictions upon those engaged in the business as will carry out its purpose. "The right to manufacture and traffic in intoxicating liquors is one which is exercised subject to the regulation and control of the police power of the state; a power of which the legislature cannot devest itself; and such body is the exclusive judge of the manner in which such police power shall be exercised, and its action thereon should be liberally construed." (*In re O'Brien,* 29 Mont. 545, 75 Pac. 200.) Any regulation of it is an inconvenience to the dealer, but no matter what inconvenience may be imposed upon him by the legislature, so long as it bears equally upon all persons falling in his class, he has no right to complain.

Counsel says that the legislation is obnoxious to constitutional principles, in that it grants to the board of county commissioners authority to act capriciously. The discretion referred to in section 2 of the Act must be construed to be a fair administrative discretion. The Act does not in terms nor does it impliedly authorize the board to act capriciously or arbitrarily. The fact that it may so act is no objection to the validity of the statute, because wherever discretion in a particular matter is lodged in

any judicial or administrative officer, he may be guilty of an abuse of it; but the fact that he may abuse the power vested in him is no valid objection to the legislation which vests the power.

Let the judgment of the district court be affirmed.

*Affirmed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.

