EZRA B. MARTER, PROSECUTOR, v. ALBERT T. REPP ET AL., RESPONDENTS.

Submitted December 7, 1911—Decided February 24, 1912.

1. Under *Pamph. L.* 1906, *p.* 202, § 3, requiring a complaint for forfeiture of a liquor license to be verified by oath of the complainants, such oath must be based on personal knowledge of the violations complained of; but a general affidavit of the truth of the matters set out in the complaint is *prima facie* sufficient as implying such personal knowledge.

2. Such affidavit, however, may be traversed by evidence showing that complainant did not in fact have such personal knowledge; and if it so appear, the complaint is insufficient to give the licensing body jurisdiction to proceed.

3. But in such case the challenge must be made and the evidence supporting it submitted or offered before the licensing body; and if this be not done the evidence in question will not be available on *certiorari.*

4. The rule that in summary proceedings the substance of the evidence adduced must be set out in the conviction so as to enable a reviewing court to judge of its sufficiency, does not necessarily require evidence to be so set out which does not bear on any issue presented to or determined by the trial body.

On *certiorari.*

Before Justices GARRISON, PARKER and BERGEN.

For the prosecutor, *Austin H. Swackhamer* and *Francis B. Davis.*

For the respondents, *John Boyd Avis* and *Charles E. Sheppard.*

The opinion of the court was delivered by

PARKER, J.    After the decision by Mr. Justice Garrison in a case of the same name (*Marter* v. *Repp*, 51 *Vroom* 530), and while a writ of error from the judgment then entered was pending in the Court of Errors and Appeals (see *Marter* v. *Repp, post p.* 531), there was a new complaint of violation of the Bishops' law, and the proceedings thereon for the revo-

cation of the same license. The Court of Common Pleas made an order revoking the license on account of the sale of liquor to minors. This order is dated February 18th, 1911, and has been brought up by the present writ of *certiorari.* It is attacked on several grounds. The first ground goes to the sufficiency of the complaint. The statute (*Pamph. L.* 1906, *p.* 202, § 3) requires it to be made by "two persons resident in the township or municipality wherein the license is used and exercised, verified by the oath of such complainant." The point now made is that the complainant should have personal knowledge of the facts required to be sworn to in verifying the complaint, and that it appears they did not have such knowledge in this case. It has been held in this court that a general affidavit that the matters and things set forth in the petition are true is *prima facie* sufficient. *Davis* v. *Repp,* 50 *Vroom* 394. The present complaint was made by Albert T. Repp and Charles F. Repp, and on the hearing before the Court of Common Pleas, Charles F. Repp admitted on cross-examination that he had no personal knowledge of the sales complained of in the petition. Nothing appears as to the personal knowledge of Albert. This being the situation it is now urged that any presumption of personal knowledge arising from the formal affidavit of verification, which was similar to that in Davis *v.* Repp, is overcome by the admission of Charles, of his lack of personal knowledge, and that therefore the conviction should be set aside. The point was involved but not decided in *Allgair* v. *Hickman, post p.* 369; the writ of error in that case being dismissed for lack of anything in the nature of a final judgment to be reviewed. It was directly involved, however, in the recent case in this court of *Allgair* v. *Blew, ante p.* 7, in which it was held that the verification in question "must be based upon the personal knowledge of the affiants which, if challenged at the outset by an offer to prove by legal evidence that they did not possess such knowledge, presented an issue to be heard and determined by the statutory tribunal upon the question of its own jurisdiction; and the overruling of such an offer by which such lack of personal knowledge was provisionally established, rendered nugatory a subsequent

order for the revocation of a license as an order made by a body upon whom jurisdiction had not been conferred in the manner prescribed by the statute." If this point had been properly presented to the Court of Common Pleas in the present case, it would consequently have been the duty of that court to receive evidence thereon and pass upon it as a question essential to its specific jurisdiction of the particular case. But we find nothing in the state of the case to show that the point was even suggested, and, consequently, as the jurisdiction of the statutory tribunal was not challenged at the hearing, the question is not now before us for determination. *Smith* v. *Elizabeth,* 17 *Vroom* 312; *Conover* v. *Gregson,* 43 *Id.* 103; 44 *Id.* 596.

The next point may be disposed of on similar grounds. It is that the complaint does not specify the statute alleged to have been violated. Assuming that the rule relating to actions for statutory penalties applies, and that the act claimed to have been violated ought to have been designated in the complaint, it is a sufficient answer to say that this point was not taken at or before the trial. *Hayes* v. *Storms,* 35 *Vroom* 514.

Next the prosecutor invokes the well-known rule that in penal actions where the proceedings are summary, the substance of the evidence must be set out in the conviction to enable the court to judge of its sufficiency. *Sawicki* v. *Keron,* 50 *Vroom* 382; *Marter* v. *Repp, ubi supra; Esping* v. *Society,* 50 *Vroom* 357, and cases cited; *Preusser* v. *Cass,* 25 *Id.* 532. The order of revocation in the present case is very full in its recitals and statements, no doubt in view of the decisions in Sawicki *v.* Keron and Marter *v.* Repp; it states the proceedings with particularity, including the admissions of counsel as to certain facts; that D. Earl Hughes was called as a witness and gave certain testimony, stating the substance thereof; that Alvin H. Andrews was called as a witness and the substance of his testimony is fully stated; that Willburt Moore was called as a witness, and his testimony is similarly abstracted, and it appears from the abstract of the testimony so returned that the findings by the court that the complaint was substantiated and that the law

was violated in the manner complained of, were fully war-
ranted. It is claimed that certain other evidence should also
have been abstracted, but it does not appear what this evi-
dence was except that with the return in this case was sent up
a certificate of the judge of the Court of Common Pleas that
at the trial Charles F. Repp gave certain testimony, apparently
reported stenographically, which goes to show the lack of per-
sonal knowledge by said Charles F. Repp of the facts sworn to
in the complaint. We may concede that if this testimony was
material and relevant on any issue determined by the trial
court, it ought to have been returned with the conviction, but,
as it bore on the question of specific jurisdiction only, and
that question was not raised, we cannot see how its omission
operates against the legality of the conviction. This disposes
of all the questions raised by the prosecutor before us.

The proceedings and conviction will be affirmed.