PEOPLE ex rel. RITTER v. WALLACE, Chief of Bureau of Licenses, et al.

(Supreme Court, Appellate Division, Second Department.   February 13, 1914.)

1. LICENSES (§ 38*)—DANCE HALL LICENSE—REVOCATION.

> Under Greater New York Charter (Laws 1901, c. 466) § 1493, as added by Laws 1910, c. 547, providing that the license of any public dance hall may be forfeited if immoral or disorderly conduct has been permitted, and shall be forfeited on the conviction of any person for the unlawful sale of intoxicating liquors, the license of a dance hall proprietor may be revoked whenever disorderly conduct is permitted, even though no conviction has been had.

> [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 74, 75;  Dec. Dig. § 38.*]

2. LICENSES (§ 38*)—DANCE HALL LICENSES—PROPERTY.

> A dance hall license, issued under Greater New York Charter (Laws 1901, c. 466) § 1490, as added by Laws 1910, c. 547, is not a property right, not being transferable as in the case of liquor licenses, and hence notice is not a condition precedent to forfeiture.

> [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 74, 75;  Dec. Dig. § 38.*]

3. LICENSES (§ 38*)—FORFEITURE—POLICY OF LAW.

> Under Greater New York Charter (Laws 1901, c. 466) § 1493, as added by Laws 1910, c. 547, it is the policy of the law not to leave the morals of a neighborhood subject to be imperiled by an immoral dance hall, while a protracted hearing is being carried on to determine whether the license should be forfeited.

> [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 74, 75;  Dec. Dig. § 38.*]

Certiorari by the People of the State of New York, on the relation of Doris Ritter, to review the action of James G. Wallace, Jr., Chief of the Bureau of Licenses, and another in revoking relator's public dance hall license.   Writ dismissed.

Argued before JENKS, P. J. and THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

William Rasquin, Jr., of New York City (Almon G. Rasquin, of New York City, on the brief), for relator.

William E. C. Mayer, of Brooklyn (Terence Farley, of New York City, on the brief), for respondents.

PER CURIAM.   [1]  The return to this writ amply shows habitual disorderly and immoral conduct permitted on the licensed premises, which was such a breach of the conditions of a public dance hall license as may forfeit it.   City Charter, § 1493.   When such misconduct appears, the licensing authority need not wait until the licensee has been actually convicted of keeping a disorderly house.   If the immoral or disorderly conduct on the premises has been habitually permitted, the license may be forfeited, or may not; while if the proprietor has been convicted, there is no discretion, as the Legislature declares that upon such conviction the license *shall* be forfeited.   The revocation of a license implies that it is in force until it is recalled; apparently under this statute a revoked license may be considered as suspended, to

be reissued on compliance with the proper conditions, since section 1493 speaks of the case where a license has been revoked twice within six months.

On the question how the licensing authority may revoke or forfeit a license on the ground of noncompliance with the laws, ordinances, and regulations, and the provisions of chapter 547 of the Laws of 1910, reference may be had to the preceding legislation of 1909. The Legislature then attempted to reach the evil of public dancing in this city through a measure intended to regulate "public dancing academies." Chapter 400, Laws of 1909. This added seven new sections (after section 1487) to the city charter. In this earlier act section 1493 provided for forfeiting the license upon conviction, and for revocation if the place did not comply with the requirements of section 1490, provided the licensee be served with a copy of the report or complaint, "and shall have the right to a public hearing." After this act had been held unconstitutional (People ex rel. Duryea v. Wilber, 198 N. Y. 1, 90 N. E. 1140, 27 L. R. A. [N. S.] 357, 19 Ann. Cas. 626), the present law was drawn to meet the constitutional objections pointed out by Judge Chase. Instead of attempting to regulate dancing academies, the act of 1910 is limited to "regulating and licensing public dance halls." Chapter 547, Laws of 1910. As thus re-enacted, section 1493 has extended the grounds to revoke licenses, so as clearly to make the revocation administrative, rather than judicial, as the statute of 1910 now omits any provision for the right to a public hearing. The relator's license has been in terms "revoked" rather than forfeited, but evidently the right to forfeit the license includes the lesser penalty of revocation. A hearing, with the administration of an oath to witnesses, is no longer provided for, as the revocation is to be administrative. People ex rel. Kennedy v. Brady, 166 N. Y. 44, 59 N. E. 701; Matter of Whitten, 152 App. Div. 506, 137 N. Y. Supp. 360; People ex rel. Bonfiglio v. Baker, 67 Misc. Rep. 539, 124 N. Y. Supp. 751.

[2] The dance hall license is not a transferable property. It is granted subject to a strict observance of the regulations imposed on such places of amusement. The payment of the license fee is not legally property in the sense that applies to the liquor tax license, which is a property right that may be transferred; hence the license of a public dance hall, being not transferable and issued subject to revocation or forfeiture, is not within the constitutional protection of property rights.

[3] The Legislature did not intend to leave the morals of a neighborhood subject to be imperiled while a protracted hearing should hold in abeyance the proper administrative action to terminate or recall a license used to cover immoral and disorderly conduct. People ex rel. Lodes v. Dept. of Health, 189 N. Y. 187, 192, 82 N. E. 187, 13 L. R. A. (N. S.) 894. The revocation of relator's license was not arbitrary, tyrannical, unreasonable, or based upon false information. People ex rel. Rota v. Baker, 136 App. Div. 7, 120 N. Y. Supp. 161.

Writ of certiorari dismissed as matter of law, and not in the exercise of discretion, with $50 costs and disbursements. All concur.