sideration, and unless counsel can comply with this rule it will be necessary in the future to enforce the rule as written.

Judgment affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, MATTHEWS and MORRIS concur.

---

STATE EX REL. STEWART ET AL., RELATORS, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 7,648.)

(Submitted November 23, 1936. Decided December 15, 1936.)

[63 Pac. (2d) 141.]

*Mr. Enor K. Mattson,* Attorney General, *Mr. C. J. Dousman,* Assistant Attorney General, and *Mr. John J. Greene,* for Relators, submitted an original and a supplemental brief; *Mr. Dousman* and *Mr. Greene* argued the cause orally.

490

492

*Mr. Wellington D. Rankin* and *Mr. Arthur P. Acher*, for Respondents, submitted briefs; *Mr. Rankin* argued the cause orally.

494

*Mr. C. A. Spaulding* and *Mr. S. C. Ford, Amici Curiae,* submitted a brief and argued the cause orally.

Opinion: PER CURIAM.

This is an original proceeding in this court brought by the relator board to annul a writ of prohibition issued by the respondent court against relators.

The relator, the State Board of Equalization, is empowered by the statute to administer the provisions of the Montana Beer Act, sections 2815.10 to 2815.59, inclusive, Revised Codes. This board, on October 15 of the current year, issued an order to show cause directed to certain persons holding retail beer licenses issued by it, all of whom were operating under their licenses in the city of Helena, wherein it stated that the board was informed that these licensees had sold intoxicating liquor in violation of their applications filed with, and the regulations of, the board. They were directed to show cause on October 21 following. On that date the board convened as such, and its chairman stated that certain information was in possession of the board to the effect that the vendors cited had violated the beer law in the consumption of intoxicating liquors in their places of business. The licensees were all represented by counsel, with certain exceptions, who made statements, but in none of these was there any denial of the charge that intoxicating liquors had been sold in their several places of business. One counselor who represented several licensees informed the board that he did not know whether his clients had sold intoxicating liquors or not. However, one of the licensees, Mr. Endress, denied that any intoxicating liquor had been sold in his place.

The various licensees, as a part of their appearance before the board, filed a motion to quash the order to show cause

upon the grounds that the licensees had not been convicted of a violation of any of the provisions of the Beer Act, and that they had violated none of its provisions. No attempt was made by any of the licensees to offer any testimony denying the charge mentioned in the order to show cause.

At the conclusion of the hearing the board took the matter under consideration, and on October 26 entered an order suspending the license of the Higgins Cigar Store, one of the licensees before the board, for a period of five days.

Prior to the service of the order of suspension the Higgins Cigar Store, as relator, applied to the respondent court, together with a number of other licensees similarly situated, and secured what was denominated an "alternative writ of prohibition," which directed the relator board to show cause why it should not be absolutely restrained from any further proceedings in the matter, and why the order suspending the licenses should not be annulled. In addition it was further ordered that the board and the members thereof be restrained from any further proceedings in the matter, and from serving or seeking to enforce the order of suspension until the further order of the court. The sole ground alleged in the application for this writ was that no evidence was introduced either on behalf of the board or the relators therein at the time of the hearing. The relator board thereupon applied to this court for a writ of supervisory control, or other appropriate writ. The respondent court has appeared by motion to strike, motion to quash and answer.

It is argued on behalf of the respondent court that supervisory control is appropriate only where the lower court has committed errors within jurisdiction. Such is the established law of this state. (*State ex rel. Finley* v. *District Court*, 99 Mont. 200, 43 Pac. (2d) 682; *State ex rel. State Bank* v. *District Court*, 94 Mont. 551, 25 Pac. (2d) 396; *In re Weston*, 28 Mont. 207, 72 Pac. 512.) When the facts before the court are sufficient to warrant any appropriate relief, the proper writ to accomplish the same may be granted

where, as here, the application was for a writ of supervisory control or other appropriate relief. (*State ex rel. United States F. & G. Co.* v. *District Court,* 77 Mont. 214, 250 Pac. 609; *State ex rel. Peel* v. *District Court,* 59 Mont. 505, 197 Pac. 741.)

The writ of prohibition arrests the proceedings of any tribunal when such proceedings are without or in excess of the jurisdiction of such tribunal. (Sec. 9861, Rev. Codes; *State ex rel. Mueller* v. *District Court,* 87 Mont. 108, 285 Pac. 928, 931.) The relator should have applied for a writ of prohibition in this proceeding, as the question presented is whether the respondent court is acting in excess or without its jurisdiction. In view of the foregoing authorities we will give consideration to the application as though it were an application for such writ.

It is sought by the motion to strike to eliminate from relator's application any and all facts which appear therefrom and which were not before the district court as a part of the application there filed. The writ of prohibition is not, strictly speaking, a proceeding to review a proceeding in a lower court in its entirety. It is not a continuation of the proceeding in the lower court in the higher court. It is a new proceeding in the higher court to determine whether the lower court has exceeded or acted without its jurisdiction. In the case of *State ex rel. Mueller* v. *District Court,* supra, it will be observed upon a careful study of the case, that many facts were brought to the attention of this court there and were considered by it, which were not before the district court. Accordingly, the motion to strike is denied.

It is argued that this court should not issue a writ while the matter as to which it is alleged the lower court is exceeding its jurisdiction is there pending and undetermined, and not until the relators have exhausted their remedies in that court. Any such contention is foreclosed by what was said by this court in the case of *State ex rel. Mueller* v. *District Court,* supra, reading as follows: "Respondents make

the point that under the authorities this court should not issue a writ while the matter as to which it is alleged the lower court will exceed its jurisdiction is there pending and undetermined, and not until the relators here have exhausted their remedies in the lower court, citing *State ex rel. Heinze* v. *District Court*, 32 Mont. 394, 80 Pac. 673, *State ex rel. Mackel* v. *District Court*, 44 Mont. 178, 119 Pac. 476, and *State ex rel. Scollard* v. *District Court*, 47 Mont. 284, 132 Pac. 21. But the situation presented in those cases bears little, if any, analogy to that presented here. In the present case the district court already has exceeded its jurisdiction. It did so in entertaining the application and in issuing a restraining order, which is still in effect and which, unless annulled by this court, may remain in effect for an indefinite time.''

Some of the powers conferred by the Beer Act are enumerated in subdivisions a and b of section 2815.12, which read as follows: ''(a) To do all such things as are deemed necessary or advisable for the purpose of carrying into effect the provisions of this Act and regulations made thereunder. (b) Without in any way limiting or being limited by the foregoing, the board may make such regulations as are necessary and feasible for the purpose of carrying into effect the provisions of this Act, and such regulations shall have the full force and effect of law.''

On April 10, 1933, the relator board adopted the following Resolution No. 1: ''It shall be unlawful for any licensee authorized to manufacture, import or sell beer to violate any of the laws of this state or of the United States or any city ordinance relating to beer or intoxicating liquor and that any violation of this or any other rule or regulation of this board relating to the 'Montana Beer Act' or the violation of any law of this state or of the United States or any city ordinance relating to beer or intoxicating liquor by any licensee shall be sufficient grounds for revocation or suspension of the license.''

The form of application for license contained in substance the provisions of this regulation, which was signed by these various licensees. Likewise the applicant consents to the examination of his books, records, and stock in trade at any time, and to an examination of his premises by peace officers.

The board, by the last sentence of section 2815.30, is authorized as follows: "The board shall have the right and is hereby given authority to make, at any time, an examination of the books of account of any such retailer and of his premises and otherwise check his methods of conducting business and the alcoholic contents of the beer kept by him for sale." The board is directed to issue retail licenses to such persons as are approved "by the majority of the board, as a fit and proper person * * * to sell beer." (Sec. 2815.36.) It is authorized to suspend licenses or revoke them by the provisions of section 2815.45, which declares: "If any of the licensees herein described shall be convicted of any violation of any of the provisions of this Act, or if the board shall find, upon such examination, that such licensee has violated any of the provisions of this Act, the board may, in its discretion, and in addition to the penalties hereinbefore prescribed, revoke such license, or may suspend the same for a period of not more than three (3) months."

The power to make regulations is conferred upon this board. This delegation of rule-making power is valid and is within the rule declared by this court in the case of *State v. Andre,* 101 Mont. 366, 54 Pac. (2d) 566, 568, where we said: " 'And finally, in the case of *Chicago etc. Ry. Co.* v. *Board of Railroad Commissioners,* 76 Mont. 305, 247 Pac. 162, 164, after an exhaustive review of the authorities, this court said: "We think the correct rule as deduced from the better authorities is that if an Act but authorizes the administrative officer or board to carry out the definitely expressed will of the legislature, although procedural directions and the things to be done are specified only in general terms, it is not vulnerable to the criticism that it carries a delegation

of legislative power." The rule thus announced was subsequently approved in the cases of *Northern Pacific Ry. Co.* v. *Bennett*, 83 Mont. 483, 272 Pac. 987, *Barbour* v. *State Board of Education*, 92 Mont. 321, 13 Pac. (2d) 225, and *State ex rel. City of Missoula* v. *Holmes*, 100 Mont. 256, 47 Pac. (2d) 624 [100 A. L. R. 581].' "

It was contended on the argument of the cause that under the provisions of the Act licensees may be suspended only for violations of the Act itself. Section 2815.45 provides for the cancellation or suspension of licenses when "the board shall find, upon such examination, that such licensee has violated any of the provisions of this Act." The only examination elsewhere referred to in the Act is that found in the above quotation from section 2815.30. Manifestly, in section 2815.45 reference is made to some examination elsewhere provided for. The rule of construction has long been adopted by this court that a relative clause must be construed to relate to the nearest antecedent that will make sense. (*State* v. *Centennial Brewing Co.*, 55 Mont. 500, 179 Pac. 296; *Cobban Realty Co.* v. *Chicago, M. & St. Paul Ry. Co.*, 58 Mont. 188, 190 Pac. 988; *State ex rel. Hinz* v. *Moody*, 71 Mont. 473, 230 Pac. 575.) Accordingly we hold that the examination referred to in section 2815.45 is that mentioned in section 2815.30.

The Act provides that the regulations shall have the force and effect of law. (Sec. 2815.12.) Hence the board is authorized to cancel or suspend licenses upon the violation of any valid regulation.

Lastly it is argued that the board could not cancel or suspend a license unless some testimony was produced before it sufficient to warrant such action at the hearing. The board is authorized by statute to make examinations, and on the hearing it disclosed the fact that it had made such an examination which was to its satisfaction sufficient to warrant action unless otherwise explained. In view of the statutory provisions this case is ruled by that of *City of Miles City* v. *State Board of Health*, 39 Mont. 405, 102 Pac. 696, 697, where

this court said: "It is said that the State Board did not hear testimony to determine whether the sewage discharged into the Yellowstone River would pollute the waters of the river. Assuming this to be true, it is not a valid objection to the order made by the board. Section 8, Chapter 177, page 477, Laws 1907 (sec. 1566, Rev. Codes), authorizes the board to make, or cause to be made, a thorough investigation in a case of this character; and, if in the judgment of the board the public health so requires, the board may make such an order as the one now under review. This section does not contemplate a public trial, but rather an ex parte investigation, and the legislature, being the repository of the police power of the state, could designate the State Board of Health as its agent, and prescribe the manner in which such police power should be exercised. As a precaution, however, against any injustice, section 10 of the Act (sec. 1568, Rev. Codes) provides that any party aggrieved by the order may appeal to the district court. If the board, then, informed itself by any means, the fact that testimony was not taken is altogether immaterial. The order recites that the board was fully advised in the premises, and found that the sewage discharged into the river would pollute the water to such an extent as to produce an unsanitary condition—one dangerous to the public health."

Let it be understood that we are not now holding that the board need not hold a hearing in order to revoke or suspend a license and that at such hearing the licensee is to be in any manner deprived of his right to be heard and to present any evidence which he may have that is relevant to the subject under consideration. In the circumstances of the case the board was justified, in the exercise of its discretion, to make an order suspending the licenses. It did not exceed its jurisdiction, and therefore the district court was acting in excess of its jurisdiction in restraining the board.

Let a peremptory writ of prohibition issue out of this court directing the respondents forthwith to annul the restraining

order and to dismiss the proceeding upon which the order was issued.

ASSOCIATE JUSTICES ANDERSON, MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS: I concur in the result reached, but not in everything that is said in the above opinion.

CHISHOLM, RESPONDENT, *v.* VOCATIONAL SCHOOL FOR GIRLS ET AL., APPELLANTS.

(No. 7,631.)

(Submitted December 7, 1936.   Decided December 16, 1936.)

[64 Pac. (2d) 838.]

