CRAMER, APPELLANT, v. MONTANA STATE BOARD OF FOOD DISTRIBUTORS ET AL., RESPONDENTS.

(No. 8,276.)

(Submitted June 11, 1942. Decided June 30, 1942.)

[129 Pac. (2d) 96.]

*Mr. Stanley R. Foot,* for Appellant, submitted an original and a reply brief, and argued the cause orally.

*Mr. John W. Bonner,* Attorney General, *Mr. Clarence Hanley,* Assistant Attorney General, *Mr. Wellington D. Rankin* and *Mr. Arthur P. Acher,* for Respondents, submitted a brief; *Messrs. Hanley, Rankin* and *Acher* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This is an appeal from a judgment entered after the plaintiff failed to plead further after a demurrer to the complaint had been sustained. Cramer, who is a retail merchant, sought by his complaint to enjoin the State Board of Food Distributors from proceeding under the powers granted to it by Chapter 49 of the Laws of 1939.

That legislative Act created a State Board of Food Distributors and gave to it the power to regulate the quality of food sold at retail in this state, using the State and Federal Pure Food and Drug Act as the standard. In addition the Board was given the power to grant to, and revoke licenses of, the various retail grocery merchants in this state. It is provided that the money collected from these licenses be held by the treasurer of the State Board of Food Distributors. It is further provided that a portion of the moneys so collected (not less than $1 out of each license fee) shall be turned over to an association known as the Montana State Food Distributors Association, to be used by that association for the "advancement of the science, sanitation and public health in food distribution, and for the enforcement of this or any other law relating to food stores," etc. (Section 14.)

It is upon this latter provision that the plaintiff bases his main attack upon the constitutionality of the Act. He contends that that provision violates section 1, Article XIII of the Constitution of this state, which is as follows: "Neither the state, nor any county, city, town, municipality, nor other subdivision of the state shall ever give or loan its credit in aid of, or make any donation or grant, by subsidy or otherwise, to any individual, association or corporation, or become a subscriber to, or a shareholder in, any company or corporation, or a joint owner with any person, company or corporation, except as to such ownership as may accrue to the state by operation or provision of law."

The complaint alleges, and by demurrer it is admitted, that the Montana State Food Distributors Association is a corporation duly incorporated and existing under the laws of this state.

From the oral argument it appears that this corporation is a voluntary association composed of retail food dealers. The officers of the association are elected from and by the membership at large.

In interpreting the above constitutional provision we are guided by prior decisions of this court. It has been held that the inhibition of the state Constitution against making donations by the state or any subdivision thereof, or loaning its credit to any individual, corporation, etc., is both mandatory and prohibitory. (*State ex rel. Mills* v. *Dixon,* 66 Mont. 76, 213 Pac. 227.) And in the case of *Thaanum* v. *Bynum Irrigation District,* 72 Mont. 221, 232 Pac. 528, it was held that the purpose of this constitutional provision is to prevent the use of public funds raised by general taxation in aid of enterprise apparently devoted to a quasi public purpose, but actually engaged in private business.

It is urged that the Association is not within the purview of section 1, Article XIII, because the use to be made of the moneys turned over to it will be purely for a public purpose. Upon an examination of the language of the provision we find that the restriction is not to the use to which moneys may be put, but to the nature or capacity of the recipient. It specifies "individual, association or corporation."

In this case we have a private corporation and, though beneficent as it may be in regard to the raising of the food standards, yet it comes within the restriction of section 1 of Article XIII. The respondents refer us to the cases of *Rutherford* v. *City of Great Falls,* 107 Mont. 512, 86 Pac. (2d) 656, and *Geboski* v. *Montana Armory Board,* 110 Mont, 487, 103 Pac. (2d) 679, and *Cloud County Farm Bureau* v. *Board of Commissioners,* 126 Kan. 322, 268 Pac. 91, as authority for the proposition that a portion of the license fee can properly be disbursed by the Montana Food Distributors Association. However, the distinction between those cases and the case at bar is the distinction between a private corporation and a public corporation, the functions of the latter of the two being under the control of the

state. In all three of the cases above referred to the court was careful in pointing out that the agency was a public corporation under the control of the state and in the nature of a municipal corporation.

In holding as we do, that that portion of the Act which provides for the turning over of a portion of the fees to the Association, is unconstitutional, we are mindful of the rule announced in a few cases, particularly of the state of New York, but we cannot under our Constitution attain the result reached there. (For those cases see note 13 A. L. R. 828.)

What we have said above disposes of the other contentions made by the plaintiff, with the exception of the proposition that the Act, by providing that the treasurer of the Board shall be the custodian of the fees and that disbursements shall be made by the Board, violates section 10, Article XII, which is as follows: "All taxes levied for state purposes shall be paid into the state treasury, and no money shall be drawn from the treasury but in pursuance of specific appropriations made by law." We do not so view the matter. In the case at bar license fees are collected for a specific purpose and are not "taxes" within the meaning of the above constitutional provision. In the case of *State* v. *McKinney*, 29 Mont. 375, 74 Pac. 1095, 1099, 1 Ann. Cas. 579, this court, in dealing with milk inspection licenses, said: "In *Littlefield* v. *State*, supra [42 Neb. 223, 60 N. W. 724, 28 L. R. A. 588, 47 Am. St. Rep. 697], the court says: 'But by "taxation," as the term is here employed, is meant the providing of revenue for the ordinary expenses of state or municipal government. It does not follow, therefore, that an ordinance will be held void simply because it provides for a fund to be derived from license fees. Such a measure will be upheld by the courts whenever it appears to have been designed to promote the welfare of the public, and the revenue derived therefrom is not disproportionate to the cost of its enforcement and the regulation of the business to which it applies.' In *Willis* v. *Standard Oil Co.*, supra [50 Minn. 290, 52 N. W. 652], the court says: 'That the state may make any

business requiring police regulation pay the expense of regulating and controlling it, and that this may be done by exacting fees, license fees, or inspection fees from those engaged in the business, no one disputes. On its face, this law is a bona fide police regulation—a proper inspection law—and the fees are in good faith exacted to reimburse the state in the expense of inspection and enforcing observance of the law.'" (See, also, *State ex rel. Veeder* v. *State Board of Education*, 97 Mont. 121, 33 Pac. (2d) 516; *Barbour* v. *State Board of Education*, 92 Mont. 321, 13 Pac. (2d) 225; and *Geboski* v. *Montana Armory Board*, supra.)

Section 18 of the Act contains what is commonly known as a saving clause, which provides that it is the intention of the legislature that if one part of the Act shall be declared unconstitutional, the rest should stand. Consequently, in addressing ourselves to the question whether the Act shall be operative in spite of the fact that we have declared part of the Act unconstitutional, we find that there are in the Act provisions whereby the State Board may amply carry out the provisions of the Act without the aid of the Association, and that the state, through the legislature, has made a valid use of its police power.

The judgment is reversed and the cause remanded with direction to enter judgment enjoining the defendant board from turning over any part of the license fees collected under the Act to the Montana State Food Distributors Association.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS and ANDERSON concur.

MR. JUSTICE ANGSTMAN:

I dissent. I agree with what is said in the majority opinion to the effect that Chapter 49, Laws of 1939, does not violate section 10, Article XII of the Constitution. I am not able to agree that that part of the Act which authorizes a portion of the fees to be turned over to the Montana State Food Distributors Association for the "advancement of the science, sanitation and public health in food distribution, and for the enforcement of this

or any other law relating to food stores'' conflicts with section 1, Article XIII of the Constitution.

Section 1 of Article XIII prohibits the state, counties, cities, towns and municipalities from giving or loaning its or their credit in aid of and from making ''any donation or grant, by subsidy or otherwise, to any individual, association or corporation.'' The Act here does none of those things. It simply turns over money to the association in question to be used for a specified governmental purpose. It cannot be used for any private function of the corporation. To the extent that the association carries out the purpose of Chapter 49, it is performing a public, governmental function and is not receiving any grant or donation for its own private purposes and must be considered to that extent as a public corporation. When a person or corporation receives money from the state for a specified public use, and the money is used to carry out the trust, I am unable to understand how it can be said to constitute a grant or donation to such person or corporation. Similar statutes have been upheld by other courts. (*Cloud County Farm Bureau* v. *Board of County Commissioners*, 126 Kan. 322, 268 Pac. 91; *Blume* v. *Crawford County*, 217 Iowa 545, 250 N. W. 733, 92 A. L. R. 757, and see cases listed in note in 13 A. L. R. 828.) The United States Supreme Court has also sustained similar legislation. (*Nicchia* v. *People*, 254 U. S. 228, 41 S. Ct. 103, 65 L. Ed. 235, 13 A. L. R. 826.)

It is suggested by plaintiff that the validity of a statute must be determined, not by what has been done under it, but by what may be done, and hence that the association may expend the money for private purposes. If the money is spent for a purpose not specified by statute, the courts are open for correction of such abuse. The validity of the statute cannot depend upon what may be done in defiance of its terms. It is only those things that may lawfully be done under the terms and provisions of a statute that must be considered in determining its validity.

I think the judgment appealed from should be affirmed.

Rehearing denied October 1, 1942.