CITY OF MISSOULA, a Municipal Corp., of the State of Montana, Plaintiff and Respondent, v. MISSOULA COUNTY, a Political Subdivision of the State of Montana, and J. J. HOWE, W. H. STOUTENBURG and WILLIAM LUCIER, as the Board of County Commissioners of Missoula County, Montana, and WILLIAM LUCIER, W. H. STOUTENBURG, J. J. HOWE, A. B. JUNGERS and VERNON R. PETERSON, as the Planning and Zoning Commission of Missoula County, Montana, Defendants and Appellants.

No. 10198
Submitted March 6, 1961. Decided June 12, 1961.
362 P.2d 539.

Anthony F. Keast, Harold J. Pinsoneault, County Atty., Missoula, argued orally for appellants.

Jack L. Green, City Atty., Missoula, argued orally for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of the district court hold-

ing that Chapter 41, of Title 16, R.C.M. 1947, enacted as Chapter 154, Laws of 1953, is unconstitutional as a delegation of legislative powers in violation of Article IV, § 1.

The cause involves the validity of county zoning laws. It arose upon an appeal by the City of Missoula from the action of the Missoula County Planning and Zoning Commission. Such Commission was created by an order of the Board of County Commissioners on April 12, 1955.

On January 21, 1959, a petition in compliance with the statutes was received by the Commissioners. On March 30, 1959, Zoning District No. 14 was created. On July 14, 1959, the City of Missoula secured an option on land located within District 14 for the purpose of constructing a sewage disposal system. Thereafter residents of District 14 petitioned the Zoning Commission for a clarification of the zoning restrictions. The Zoning Commission held a public hearing on the petition, and thereafter on November 12, 1959, adopted a resolution amending the zoning regulations of District 14, and prohibiting the construction, erection, maintenance or use of any buildings or other structure for sewage disposal purposes, but not to include the use of septic tanks and/or cesspools by individual property owners.

From this resolution, the City appealed to the district court. A trial was had, and the court made its order, judgment, and decree holding sections 16-4101 to 16-4107, R.C.M. 1947, invalid as in contravention of section 1, Article IV, of the Constitution of the State of Montana.

No findings of fact were made, and the appeal is here on the judgment roll only. The single question before us is as to the constitutionality of county zoning statutes.

The law in question (section 16-4101) creates a County Zoning Commission composed of members of the board of county commissioners, the county assessor, and the county surveyor. It provides that a county zoning district embracing an area of not less than forty acres (section 16-4107) may be created

by the Commission upon a petition of not less than sixty percent of the freeholders in the area (section 16-4101) after notice and public hearing (section 16-4103).

The Zoning Commission section 16-4102 is given power in the interests of the general welfare, to regulate:

1. The construction, alteration and maintenance of certain buildings;

2. The trades, industries, businesses and callings which may be carried on within the district;

3. The height and bulk of future buildings;

4. The uses of land and buildings;

5. The areas of courts and other open spaces; and

6. The setback lines.

The Commission is denied the power to regulate the use of land for grazing, horticulture, agriculture, or the growing of timber.

The act provides for the continuance of nonconforming uses in existence at the time of the enactment of the zoning regulation.

The board of county commissioners is constituted a board of adjustment to vary the regulations in those specific cases where the literal enforcement of them would result in unnecessary hardship (section 16-4103).

This court has previously upheld the constitutionality of an act granting to cities the power to zone. Freeman v. Board of Adjustment, 97 Mont. 342, 34 P.2d 534. Thus, our question here is a narrow one, has there been an unconstitutional delegation of legislative power?

Recently we considered a similar problem in relation to health districts in Bacus v. Lake County, 138 Mont. 69, 354 P.2d 1056, 1061, where, quoting from 73 C.J.S. Public Administrative Bodies and Procedure § 29, pp. 324, 325, we said:

" 'The law-making power may not be granted to an administrative body to be exercised under the guise of administrative discretion. Accordingly, in delegating powers to an adminis-

trative body with respect to the administration of statutes, the legislature must ordinarily prescribe a policy, standard, or rule for their guidance and must not vest them with an arbitrary and uncontrolled discretion with regard thereto, and a statute or ordinance which is deficient in this respect is invalid. In other words, in order to avoid the pure delegation of legislative power by the creation of an administrative agency, the legislature must set limits on such agency's power and enjoin on it a certain course of procedure and rules of decision in the performance of its function; and, if the legislature *fails to prescribe with reasonable clarity the limits of power delegated to an administrative agency, or if those limits are too broad,* its attempt to delegate is a nullity.

" '* * * On the other hand, a statute is complete and validly delegates administrative authority when nothing with respect to a determination of what is the law is left to the administrative agency and *its provisions are sufficiently clear, definite, and certain to enable the agency to know its rights and obligation.' "* Emphasis supplied.

In the Bacus case we condemned the statutes, in part, as not having established sufficient guide lines. In discussing the problem we said:

"In the case of Chicago, M. & St. P. R. Co. v. Board of R. R. Com'rs, 76 Mont. 305, 314, 315, 247 P. 162, 164, this court stated:

" 'We think the correct rule as deduced from the better authorities is that if an act but authorizes the administrative officer or board to carry out the definitely expressed will of the Legislature, although procedural directions and the things to be done are specified only in general terms, it is not vulnerable to the criticism that it carries a delegation of legislative power.' This rule has been approved in Northern Pacific Ry. v. Bennett, 83 Mont. 483, 272 P. 987; Barbour v. State Board of Education, 92 Mont. 321, 13 P.2d 225; State ex rel. City of Missoula v. Holmes, 100 Mont. 256, 47 P.2d 624, 100 A.L.R.

581; State v. Andre, 101 Mont. 366, 54 P.2d 566; State ex rel. Stewart v. District Court, 103 Mont. 487, 63 P.2d 141; and Thompson v. Tobacco Root Co-Op State Grazing Dist., 121 Mont. 445, 193 P.2d 811. See also State v. Johnson, 75 Mont. 240, 243 P. 1073.

"We do not disagree with this established rule as enunciated by these Montana authorities. However, the case at bar does not fall within the purview of this rule. In all of the cases which support the rule as set forth in the Chicago Ry. case, supra, the statutes which gave the administrative agencies their authority did so by a much more specific enumeration of the powers which were granted to these agencies. In our examination of these authorities, we nowhere find anything close to the general grant of authority that is made by the direction to district boards of health of authority to enact rules and regulations 'pertaining to the prevention of disease and the promotion of public health' as provided in section 69-809.

"In the case of State v. Stark, 100 Mont. 365, 371, 52 P.2d 890, 892, this court has stated:

" 'Delegation of power to determine who are within the operation of the law is not a delegation of legislative power. * * * But it is essential that the Legislature shall fix some standard by which the officer or board to whom the power is delegated may be governed, and not left to be controlled by caprice.' "

With this discussion of the problem of delegation of power from the Bacus case in mind, what are the standards and guides which the legislature has supplied by the statutes questioned here?

We shall not quote the entire act, but, with respect to the procedure, the law provides definite outlines and limitations. The zoning district may come into being only upon petition of sixty percent of the freeholders in the area. The adoption of the development district must be by a majority of the Commission, after definitely prescribed public notice and public

hearing. The resolution must refer to maps, charts, and descriptive matters. In other words, quite adequate procedural matters are contained in the act itself. No such outline of procedure appears in the statutes condemned in the Bacus case.

As to the power granted, we have heretofore listed them specifically. The legislature has fixed the area of power within which the Zoning Commission may act. It is required to act only when public convenience and necessity require (section 16-4101) and then only in the interests of health, safety and general welfare (section 16-4102). The Commission is empowered to do three basic things: regulate the business which may be carried on in an area; the kind of buildings which may be erected or altered; and the open areas around the buildings. The power is specifically limited as to presently existing nonconforming uses, agricultural uses and timber uses (section 16-4102).

We are not herewith concerned with the desirability of zoning laws or the methods of attaining orderly development. However, in viewing the problem of delegation of power we are aware of many governmental structures set up to administer legislative acts. In addition to health districts previously discussed in the Bacus case, there are rural improvement districts, mosquito control districts, public hospital districts, public cemetery districts, drainage districts, irrigation districts, insect control districts, fire districts, and others as well as numerous boards, bureaus and commissions in state government which in some sense have been delegated functions by the legislature. It does not do to simply argue that a county government is without legislative power. The inquiry must be as we set out in the Bacus case and the other cases therein cited.

Having examined the act in question as to procedural requirements and definite areas of power granted, we find that the act does not contravene Article IV, § 1, of the Montana State Constitution as an unlawful delegation of power.

The judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with what has been said herein.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and JOHN C. HARRISON concur.