No. 12825

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

BRYANT DEVELOPMENT ASSOCIATION,

                    Plaintiff and Appellant,

        -vs-

TED DAGEL et al.,

                    Defendants and Respondents,

        -vs-

RECTOR'S GARAGE INC.,

                    Defendant and Third Party Plaintiff,

        -vs-

BRYANT DEVELOPMENT ASSOCIATION et al.,

                    Third Party Defendant-Respondent.

---

Appeal from:  District Court of the First Judicial District,
              Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

    For Appellant:

            Smith and Harper, Helena, Montana
            Charles Smith, III argued, Helena, Montana

    For Respondents:

            Towe, Neely and Ball, Billings, Montana
            William L. Madden, Jr. argued, Billings, Montana

---

                              Submitted:  January 16, 1975
                                Decided: FEB 2 1 1975

Filed: FEB 2 1 1975

_Thomas J. Kearney_
                                            Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This case is before the Court on the appeal of Bryant Development Association and the crossappeal of Rector's Garage, Inc., from an order of the district court, Lewis and Clark County, which sustained a decision of the Lewis and Clark County Board of Adjustment granting Rector's Garage, Inc., a variance from an emergency residential zoning resolution.

Since 1969 Rector's Garage, Inc., hereinafter referred to as respondent, has owned and operated an antique auto storage and repair shop at 1055 Mill Road, Lewis and Clark County. Because of the inadequate size of the company's buildings and a reluctance to scatter unrestored automobiles and parts outside where they would be unsightly and susceptible to the elements, officers of respondent had for some time been interested in constructing a new building. In July 1973, the property adjoining the existing facilities, 1035 Mill Road, was offered for sale. In reliance upon representations of appropriate county officials that no zoning or building restrictions existed nor were contemplated for the neighborhood before January 1974, the property was purchased for approximately $35,000.

On September 10, 1973, negotiations were entered into with a building contractor for construction of a prefabricated, commercial steel building to be cut and manufactured in California and assembled at the job site by the contractor. Although the formal contract was not signed until September 17, 1973, the manufacturer was notified of the negotiations. On September 14, 1973, a purchase order in the amount of $55,500 was confirmed by the manufacturer, earnest money paid and work begun.

However, on September 13, 1973, unbeknown to officers of respondent, and without prior notice whatsoever, the Lewis and Clark County Commissioners met in an evening emergency session and purported to adopt Temporary Interim Zoning Resolution No. 1973-33 restricting further development of the area in question to "CR-2", residential single family dwelling units. This meeting was convened upon the ex parte petition of some of the members of appellant association who

reside in the neighborhood in which respondent is located with the very purpose of stopping respondent from completing the building project it had commenced. Officers of respondent were not made aware of these summary proceedings until the following week when an officer of the contractor was informed the building project had been prohibited.

On October 4, 1973, counsel for respondent filed an "Application for Variance or, in the alternative, Appeal from the Administrative Decision of the Lewis & Clark County Commissioners" with the Lewis and Clark County Board of Adjustment to permit construction of an automobile restoration and storage facility at 1035 Mill Road. A recorded, evidentiary hearing was held on this application before the Board of Adjustment on December 10, 1973. Counsel for respondent presented testimony and a memorandum supporting the firm's contention that this zoning resolution was unconstitutional; that it had established and was entitled to a nonconforming use exception to the zoning; and, that in the event the zoning was found to apply to it, a variance should be granted. The Bryant Development Association, herein after referred to as appellant, also appeared, presented testimony in opposition to respondent's requests and later filed its legal memorandum.

On February 2, 1974, the Board of Adjustment issued an order granting respondent the requested variance. By petition for a writ of certiorari, appellant asked the district court to review that decision, contending it was unwarranted by the facts. The district court granted appellant's petition and issued a writ of certiorari to the Lewis and Clark County Board of Adjustment. On March 25, 1974, the district court ordered that the Board's order granting the variance be stayed.

Respondent thereupon moved, and was permitted to intervene in the review proceedings. Counsel for respondent further moved on April 8, 1974, that the stay order be dissolved or, alternatively, that appellant be required to post a $15,000 bond to cover damages which might accrue to Rector's Garage because of the stay order.

By an order, dated July 1, 1974, the district court denied this latter motion.

In answer to appellant's petition for a writ of certiorari, respondent denied that the decision of the Lewis and Clark County Board of Adjustment was not based upon substantial evidence. It further alleged as a first counterclaim and crossclaim that the that the Board's order was defective in its failure to grant Rector's Garage, Inc. a nonconforming use exception to the zoning resolution, instead of a variance. A second counterclaim and crossclaim was also interposed claiming, alternatively, that the Board's order should be reversed because of its failure to quash the zoning resolution as unconstitutional. A third counterclaim requested damages stemming from appellant's unlawful and improper actions in instigating the emergency zoning resolution.

By a final order, dated July 17, 1974, the district court affirmed the decision of the Lewis and Clark County Board of Adjustment granting respondent the requested variance. Although the court further denied appellant's motion to strike or dismiss respondent's first counterclaim requesting a nonconforming use exception to the zoning, its order did not determine whether or not Rector's Garage, Inc. was entitled to such relief. Appellant's motions to strike or dismiss the second and third counterclaims were granted. The case now comes to this Court upon timely notices of appeal by Bryand Development Association and crossappeal by Rector's Garage, Inc.

Although appellant argues the only issue is the variance granted and urges that the writ of certiorari does not permit inquiry beyond that, the controlling issue on this appeal is the validity of Temporary Interim Zoning Resolution No. 1973-33.

We recognize that ordinarily the scope of review on a writ of certiorari is limited to whether an inferior tribunal, exercising judicial functions, has exceeded its jurisdiction. Section 93-9002, R.C.M. 1947; State ex rel. Mercer v. Woods, 116 Mont. 533, 538, 155 P.2d 197. We also recognize:

> "The authorities are generally to the effect that,
> upon review of a decision of a zoning board, the
> petitioner will not be heard upon the question of
> the validity of the zoning ordinance, or of the
> act of the legislature under which the ordinance
> was enacted." 58 Am Jur, Zoning § 232.

See e.g., Austin v. Older, 278 Mich. 518, 270 N.W. 771.

However, Montana's statute, section 16-4706, R.C.M. 1947,

which provides for the powers and procedures of the board of

adjustment, states in subsection (8):

> "Any person * * * aggrieved by any decision of
> the board of adjustment * * * may present to a
> court of record a petition, duly verified, <u>setting</u>
> <u>forth that such decision is illegal, in whole or</u>
> <u>in part, specifying the grounds of the illegality</u>.
> * * *" (Emphasis supplied)

Further, subsection (11) of section 16-4706, states:

> "* * * The court may reverse or affirm, wholly
> or partly, or may modify the decision brought up
> for review."

We hold that these words in section 16-4706, R.C.M. 1947,

give the district courts a much broader scope of review than the

general Montana statutes pertaining to certiorari. A similar

position has been enunciated in Arizona. See e.g., Lewis v.

Board of Adjustments of City of Phoenix, 6 Ariz.App. 494, 433 P.2d

811. To hold otherwise, as appellant would have us do, and deny

respondent the use of this affirmative defense, would be a triumph

of form over substance.

Appellant further contends that respondent is precluded from

raising the issue because of respondent's status as an "intervenor"

in the main action. It argues that an intervenor cannot raise

issues which the original parties, in this case the appellant and

The Board of Adjustment, did not or could not, raise. However,

it was appellant's own error which initially cast respondent in the

role of "intervenor" when it named the Board of Adjustment as the

defendant in its petition for a writ of certiorari. While under

section 93-9004, R.C.M. 1947, the writ was properly directed to

the Board of Adjustment, section 93-8801, R.C.M. 1947, states that

the adverse party may be known as the defendant. In this case,

certain conceptual and procedural difficulties would have been avoided

if respondent Rector's Garage Inc., the "adverse party" had been properly designated as "defendant".

In Freeman v. Board of Adjustment, 97 Mont. 342, 34 P.2d 534, this Court reviewed a constitutional challenge to the validity of a zoning statute and ordinance brought to it by way of an appeal from certiorari proceedings conducted by the district court in reviewing a variance granted by the board of adjustment of Great Falls. This Court passed upon the constitutional issue without even hesitating to question whether the appellant was precluded from raising such a challenge or whether the issue could be determined by it in a certiorari proceeding.

Proceeding to the merits, respondent argues that section 16-4711, R.C.M. 1947, is unconstitutional on its face because it provides that an emergency zoning resolution may be enacted without giving owners whose property may be affected prior notice of the proceedings. We do not here consider the constitutional issue since, in any event, the statutes were not followed.

In viewing Chapter 47, Title 16, R.C.M. 1947, as a whole, it is clear that section 16-4711, providing for the enactment of emergency zoning regulations, is governed by the provisions of section 16-4705, providing for notice and hearing "in the adoption or amendment of zoning regulations". Nothing in Chapter 47, nor in section 16-4711 in particular, detracts from this view. In fact, when section 16-4711 was enacted the immediately preceding section of that bill was an amendment of section 16-4705. The close proximity of those two sections in Chapter 273, Laws of 1971, would indicate a legislative intent that the two sections should be construed together.

It is apparent the Lewis and Clark County Commissioners did not follow the procedure provided by section 16-4705. It thus follows that Temporary Interim Zoning Resolution No. 1973-33 is void for failure to follow the notice and hearing provisions set forth in section 16-4705, R.C.M. 1947.

Thus, respondent Rector's Garage, Inc., is entitled to a judgment. Since the record before us does not indicate whether the area has been properly zoned since this action, we are unable to say that a judgment of nonconforming use is proper. Accordingly, we return the matter to the district court for entry of an order or judgment not inconsistent with what has been said in this Opinion. Costs are awarded respondent Rector's Garage, Inc.

_Wesley Castles_
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.