No. 13019

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STATE OF MONTANA ex rel CHRISTIAN, SPRING,
SIELBACH & ASSOCIATES, a Montana corporation,
and JAMES B. SPRING, individually,

Plaintiffs and Petitioners,

-vs-

BONNIE MILLER, Powell County Clerk and
Recorder; and NEWMAN RAYMOND, SANDY REIERSON
and HERMAN N. SMETS, Powell County Commissioners,

Defendants and Respondents.

---

Appeal from:   District Court of the Third Judicial District,
               Honorable Robert Boyd, Judge presiding.

Counsel of Record:

    For Plaintiffs:

            Poore, McKenzie, Roth, Robischon & Robinson,
             Butte, Montana
            Urban L. Roth argued, Butte, Montana
            Daniel Wing argued, Butte, Montana

    For Respondents:

            James H. Goetz argued, Bozeman, Montana
            James Masar appeared, Deer Lodge, Montana

---

Submitted:  November 6, 1975

Decided:  FEB - 4 1976

Filed:

_____

Thomas J. Kearney
                              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant James B. Spring of the firm Christian, Spring, Sielbach & Associates, filed an action on June 27, 1974, against the Clerk and Recorder and Commissioners of Powell County, seeking to compel by writ of mandamus the acceptance and recordation of a "certificate of survey". Hearing was had in late July 1974 and judgment for respondents was entered in the district court, Powell County in October 1974.

Several days before this action arose, the Powell County Board of County Commissioners met at special session to pass a resolution termed a "Temporary Interim Zoning Regulation" pursuant to section 16-4711, R.C.M. 1947, which provides:

> "Interim zoning map or regulation. If a county is conducting, or in good faith intends to conduct studies within a reasonable time, or has held or is holding a hearing for the purpose of considering a master plan or zoning regulations or an amendment, extension, or addition to either pursuant to this chapter, the board of county commissioners in order to promote the public health, safety, morals, and general welfare may adopt as an emergency measure a temporary interim zoning map or temporary interim zoning regulation, the purpose of which shall be to classify and regulate uses and related matters as constitutes the emergency. Such interim resolution shall be limited to one (1) year from the date it becomes effective. The board of county commissioners may extend such interim resolution for one (1) year, but not more than one (1) such extension may be made."

The regulation stated that a master plan was or would be under consideration within a reasonable time to cover all private land in the North Powell Soil Conservation District in the Big Blackfoot drainage area of Powell County.

Prior to the passage of that regulation, Spring contacted Bonnie J. Miller, the Powell County clerk and recorder, to inquire whether a certificate of survey regarding this area would be accepted for recordation. Spring was advised the certificate would be recorded if it properly complied with Montana law. Spring then directed his employees to survey the land in question and on June 27, 1974, presented the resulting certificate of survey for recordation, along with the statutory recording fee. By that date,

the iterim regulation had been passed and the clerk and recorder

sought advice as to its effect. She was informed by letter of

the Powell County attorney that:

> "* * * the intent of the resolution was to prevent
> further subdivision in the north Powell Soil Conser-
> vation area * * * for an interim period while further
> studies could be made. While the filing of a Certifi-
> cate of Survey does not necessarily imply an intent
> to subdivide, it is my opinion that no other purpose
> is served by such filing and in order to implement and
> execute the purpose and intent of the resolution it is
> my recommendation that you not accept any Certificates
> of Survey which may be tendered to you for recording
> or filing until the expiration of the 90 day moratorium
> which may be extended."

Guided by this opinion, the clerk and recorder rejected both the

certificate and the recording fee when Spring tendered them for

filing.

The parties do not dispute that the certificate of survey

complied in all technical respects with the requirements of Montana

law, or that the notice provisions of section 16-4705, R.C.M. 1947,

were not followed by the board of county commissioners in adopting

the regulation. It is further admitted the document involved here

is a "certificate of survey" within the meaning of section 11-3861,

R.C.M. 1947, and not a "subdivision plat" as defined by that

statute. For the purposes of this appeal we accept the county

attorney's advice that this certificate of survey has no other

purpose.

Spring challenges the validity of the temporary interim

zoning resolution for a variety of reasons. But for purposes of

this appeal, we need only discuss the undisputed failure of the

county board of commissioners to comply with the notice and hearing

requirements set forth in section 16-4705, R.C.M. 1947. In Bryant

Development Association v. Dagel, ____Mont._____, 531 P.2d 1320,1324,

32 St.Rep. 213, this Court recognized the direct applicability

of section 16-4705 to county action authorized by section 16-4711:

"In viewing Chapter 47, Title 16, R.C.M. 1947, as a whole, it is clear that section 16-4711, providing for the enactment of emergency zoning regulations, is governed by the provisions of section 16-4705, providing for notice and hearing 'in the adoption or amendment of zoning regulations.'"

Respondents recognize that Bryant is dispositive and controlling of this issue, but urge the reconsideration and reversal of the Bryant rule. In support respondents cited several cases from other jurisdictions. These cases hold, in the interest of preserving the status quo under circumstances sufficiently urgent to warrant an emergency resolution, that the due process requirements need not be followed until a permanent ordinance is under consideration. Metro Realty v. County of El Dorado, 222 C.A.2d 508, 35 Cal.Rptr. 480; McCurley v. City of El Reno, 138 Okla. 92, 280 P. 467.

We recognize the underlying policy which engendered the rule as announced by such cases as Metro Realty and McCurley. But the law of Montana has been clearly and recently set forth in Bryant. We believe it to be the better rule, and the rule supported by the majority of authorities. City of Miami Beach v. State, Fla, 108 S.2d 614, cert.den., 111 S.2d 437; Lancaster Development, Ltd. v. Village of River Forest, 84 Ill.App.2d 395, 228 N.E.2d 526, 30 ALR3d 1190; Krajenke Buick Sales v. Kopkowski, 322 Mich. 250, 33 N.W.2d 781; State ex rel. Kramer v. Schwartz, 336 Mo. 932, 82 S.W.2d 63.

In Montana, the salutary statutory scheme comprised of the Montana Subdivision and Platting Act, sections 11-3859 et seq., R.C.M. 1947, and such provisions as section 16-4711, R.C.M. 1947, must be tempered by the fundamental right to notice and the opportunity to be heard. The district court erred when it denied appellant's petition for a writ of mandamus. This particular temporary interim zoning regulation is null and void for the failure to observe the proper procedures upon its enactment.

The cause is remanded to the district court with directions to grant attorney fees.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 5 -