No. 87-485

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

JACK PETTY,

Plaintiff and Appellant,

-vs-

FLATHEAD COUNTY BOARD OF COUNTY
COMMISSIONERS, ALLEN JACOBSON,
KENNETH KRUEGER, and HOWARD GIPE,
and FLATHEAD COUNTY, MONTANA,
a political body,

Defendants and Respondents.

APPEAL FROM: DISTRICT Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard DeJana, Kalispell, Montana

For Respondents:

Ted O. Lympus, County Attorney, Kalispell, Montana
Dennis Hester, Deputy County Attorney

Submitted on Briefs: March 11, 1988

Decided: April 25, 1988

Filed: APR 2 5 1988

*Cecil M. Harrison*

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This case involves the creation of a zoning district by the Flathead County Board of County Commissioners (Board). Appellant Jack Petty sued the Board claiming that the Board's failure to follow the proper procedures for creating a zoning district voided the zoning district where Mr. Petty had recently purchased property. The District Court granted a motion for summary judgment made by the Board holding that the Board had substantially complied with the procedures for creating a zoning district under §§ 76-2-101 to -112, MCA. Mr. Petty appeals the summary judgment order. We affirm.

The following facts are undisputed: The property at issue is called the Two Bridges Zoning District. Prior to the creation of the district, the Board received a valid petition from 60% of the freeholders in the area requesting that the district be created. After receipt of the petition, the Board passed a motion on March 10, 1978, creating the district and ordering a meeting of the County Zoning Commission to determine the district's development pattern.

On March 13, 1978, and March 20, 1978, the Zoning Commission met to consider the district's development pattern. After the second meeting the Zoning Commission scheduled a hearing for April 11, 1978, to receive public comment on proposals for the development pattern. Notice of the hearing was published in the local paper on April 3, 1978, and April 10, 1978. The record is unclear as to whether any notice of the hearing was posted in public places. At the hearing interested parties commented on the district's boundaries and development pattern.

After the hearing the Zoning Commission made recommendations to the Board of County Commissioners, and the

Board scheduled its own public hearing. Notice of the Board's hearing was published in the local paper on May 5, 1978, and May 12, 1978. The record fails to disclose whether or not notice of this hearing was posted in public places. At the hearing the Board heard public comment on the development pattern and boundaries of the district as recommended by the Zoning Commission.

Following the hearing the Board effectuated the Zoning Commission's recommendations by adopting Resolution No. 298. The resolution omitted acreage that had been included under the description of the district as set out in the motion creating the district.

The following are assigned as issues on appeal by Mr. Petty:

(1) For a proper exercise of the police power in the act of zoning, must the enabling legislation be strictly followed?

(2) At the time of creation of a planning and zoning district, must the area to be included in the district be defined and described?

(3) Must a specific commission be appointed for each planning district as stated in § 76-2-101, MCA, or may a county use the same commission for each zone without separate appointment?

(4) Were the notice provisions complied with?

(5) May the adoption of a resolution by the County Commissioners creating a zone moot the failure to follow the process prescribed by the enabling legislation?

(6) Need there be a developmental pattern prepared by the Planning and Zoning Commission of each district and what is that pattern?

(7) Need a plaintiff bring an action prior to such time as his use for his land is threatened in order to avoid the doctrine of latches?

## Issue I.

Mr. Petty claims generally that the District Court erred by failing to strictly construe the procedural requirements for establishing zoning districts as mandated by §§ 76-2-101 to -112, MCA. However, Mr. Petty fails to point out any specific error under his discussion of this issue.

In its memorandum the District Court concluded that the Board had "substantially complied" with the procedural requirements. The proper issue facing a district court interpreting these statutes is whether or not a board of county commissioners substantially complied with the procedural steps for creating zoning districts. Dover Ranch v. County of Yellowstone (1980), 187 Mont. 276, 284, 609 P.2d 711, 716. Thus, the District Court's decision as to the standard for reviewing the procedures set out in the zoning statutes correctly interpreted Montana law, and we affirm on this issue.

## Issue II.

Mr. Petty contends that when the Commissioners passed the motion creating the district, the district was not adequately defined and described. The subsection of the statute authorizing Flathead County's creation of the district at issue here reads:

> 76-2-101. Planning and zoning commission and district. (1) Whenever the public interest or convenience may require and upon petition of 60% of the freeholders affected thereby, the board of county commissioners is hereby authorized and empowered to order and create a planning and zoning

4

district and to appoint a commission consisting of five members.

To support his contention, Mr. Petty cites cases decided under another statute, § 76-2-201, MCA. According to Mr. Petty, this statute requires the establishment of an actual jurisdictional area prior to adoption of zoning regulations. See, e.g., Allen v. Flathead County (1969), 184 Mont. 58, 601 P.2d 399. The statute reads:

> 76-2-201. County zoning authorized. For the purpose of promoting the health, safety, morals, and general welfare of the the people in cities and towns and counties whose governing bodies have adopted a comprehensive development plan for jurisdictional areas pursuant to chapter 1, the boards of county commissioners in such counties are authorized to adopt zoning regulations for all or parts of such jurisdictional areas in accordance with the provisions of this part. (Emphasis added).

Sections 76-2-101 -112, MCA, the statutes at issue in this case, authorize what has been "referred to as the rural zoning law or the forty acre law, [which] gives county commissioners the power to zone in a given district which exceeds 40 acres and which has been called into existence by a petition of at least sixty percent of the freeholders within the district." (Emphasis added). Lundberg, County Zoning in Montana, 33 Mont. L. Rev. 63, 65. In contrast, zoning under §§ 72-2-201 to -228, MCA, involves county-wide planning and zoning by county commissioners working with county planning boards. Lundberg, County Zoning in Montana, 33 Mont. L. Rev. 63, 68. Our interpretations of the procedural requirements for zoning jurisdictional areas under the county wide zoning statutes have no application to the requirements for the creation of zoning districts under the rural zoning laws in §§ 76-2-101 to -112, MCA. See Montana

5

Wildlife Federation v. Sager (Mont. 1980), 620 P.2d 1189, 1197, 37 St.Rep. 1897, 1905. And nothing in the record demonstrates noncompliance with the applicable procedure, i.e., the existence of a petition signed by 60% of the freeholders in the district to be created, which petition and the notices that follow adequately describe the district. See City of Missoula v. Missoula County (1961), 139 Mont. 256, 260, 362 P.2d 539, 541. Thus, we affirm on this issue.

## Issue III.

Mr. Petty argues that the district at issue here is void because the Board failed to appoint a zoning commission at the time the district was created. The Board responds that since the Zoning Commission already existed, there was no need for an appointment.

Section 76-2-101, MCA, (set out above) requires the appointment of a zoning commission at the time the zoning district is created. Section 76-2-102, MCA, mandates that the commission consist of the three county commissioners, the county surveyor, and the county assessor.

The motion by the Board creating the district is recorded in the Commissioners' Journal. The motion reads:

> Motion by Guay, seconded by Deist and carried to create the Two Bridges Zoning District (#32). A meeting of the Zoning Commission will be called to determine a development pattern for this area.

We hold that the Board's motion is sufficient to satisfy the requirement that the Board appoint a zoning commission at the time the district is created. The statute mandates the zoning commission's membership, and it is obvious from subsequent events in this case that the membership of the Flathead County Zoning Commission had notice that they were

required by the motion to meet and determine a development pattern for the district. Thus, we affirm on this issue.

## Issue IV.

Mr. Petty contends that the notices of the public hearings on the district's development pattern were not publicly posted as required by § 76-2-106, MCA. The Board responds that this issue was not raised in the lower court, and thus cannot be raised on appeal.

Mr. Petty contends that the issue was raised in his "Plaintiff's Reply Memorandum and Rebuttal Memorandum", filed in response to the Board's motion for summary judgment in the lower court. The following discussion on the notices occurs in this brief:

> While visiting the Defendants facts it is useful to examine exhibit 6 "Notice of Hearing" for the April 11, 1978 "Zoning Commission" Meeting. This is dated March 28, 1978. (14 days before the hearing, if the date of the notice and date of hearing are included.) Further on its face the notice reflects that it wasn't published until April 3 and 10, 1978. Section 76-2-106 MCA requires 15 days prior notice. The county again violates the law. The zone was and is void.

Nothing in this argument refers to the requirement that the notice be posted in public places. Nothing in the District Court's memorandum suggests that the issue was tried in the lower court. Furthermore, there is no evidence to show that the public notices were not posted, and since Mr. Petty has not proved whether or not they were posted, there can be no proof as to whether or not the posting was timely. Thus, there is no issue here for this Court to consider in regard to notice. Bowman v. Prater (Mont. 1984), 692 P.2d 9, 11-12, 41 St.Rep. 2236, 2239-40.

7

## Issue V.

Mr. Petty argues that the District Court erred in concluding that any irregularities in the initial stages of the zoning process were rendered moot by the Board's adoption of the development pattern in Resolution No. 298, and by the passage of several years without objection. The Board responds that the District Court discussion of mootness did not form the basis for its grant of summary judgment, and thus cannot be assigned as error on appeal.

The statement objected to by Mr. Petty is in the conclusion of the lower court's Memorandum. It reads:

> Based on the foregoing findings, the Court holds that the Two Bridges Zoning District was validly created, that the Flathead County Zoning Commission is also the Two Bridges Zoning District Commission and that the provisions of Part 1, County Planning and Zoning Commission, of Chapter 2, Planning and Zoning, of Title 76, Land Resources and Use of the Montana Code Annotated have been substantially complied with. Any inconsequential, procedural irregularities became moot upon the adoption of Resolution 298 in 1978 and the passage of several years without challenge until the filing of Plaintiff's Complaint.

The essential conclusion here is that the Board substantially complied with the procedures mandated by Montana law for the creation of the district at issue. The findings supporting this conclusion are that: (1) a valid petition signed by over 60% of the freeholders in the area was submitted to the Board prior to creation of the district, (2) the Zoning Commission proposed a development pattern, and (3) the public was properly noticed prior to a public meeting on the issue that the Board proposed to adopt the Zoning Commission's development pattern. Thus, the lower court's comments on the

significance of Resolution No. 298, and the passage of time between creation of the district and the bringing of the law suit, do not form the basis for its judgment, and are not relevant to this appeal. See Sink v. School District No. 6 (1982), 199 Mont. 352, 361-62, 649 P.2d 1263, 1268. And we affirm on this issue.

Issue VI.

There are actually two issues advanced here by Mr. Petty. First, Mr. Petty contends that the Zoning Commission's development pattern for the district violates § 76-2-104(2), MCA, because the development pattern allowed only one use as opposed to allowing multiple uses. Mr. Petty also contends that the development pattern violates § 76-2-104(2), MCA, because maps, plats, charts, and descriptive matter did not accompany the adoption of the development pattern by the Zoning Commission.

Section 76-2-104, MCA, states:

> Development Pattern: (1) For the purpose of furthering the health, safety, and general welfare of the people of the county, the county planning and zoning commission hereby is empowered and it shall be its duty to make and adopt a development pattern for the physical and economic development of the planning and zoning district.
> (2) Such development pattern, with the accompanying maps, plats, charts, and descriptive matter, shall show the planning and zoning commission's recommendations for the development of the districts, within some of which it shall be lawful and within others of which it shall be unlawful to erect, construct, alter, or maintain certain buildings or to carry on certain trades, industries, or callings or within which the height and bulk of future buildings and the area of the yards, courts, and other open spaces and the future uses of the land or buildings shall be limited and future building setback lines shall be established.

Mr. Petty argues that the language in subsection 2 of this statute requires multiple districts with varying uses within each zoning district created by boards of county commissioners, and that the district at issue in this case violates that mandate by allowing only residential uses. We disagree. Subsection 1 of this statute refers in the singular to a "district" and its development pattern. Subsection 2, upon which Mr. Petty relies for his theory that multiple uses must accompany the creation of every district, refers in the plural to a development pattern for "districts". This Court has held previously that the reference to districts in subsection 2 does not require zoning commissions to conduct a county wide survey prior to the establishment of a particular district. See Doull v. Wohlschlager (1963), 141 Mont. 354, 363, 377 P.2d 758, 763. Similarly, the use of the plural in subsection 2 does not mandate that each district, which may be as small as 40 acres, be fractionalized into several smaller districts with different regulations for each fraction. Such an interpretation "would create an absurd result where a reasonable construction would avoid it." McClanathan v. Smith (1980), 186 Mont. 56, 62, 606 P.2d 507, 511. Thus, we affirm on the first argument under this issue.

The second argument Mr. Petty groups under this issue is that the district is void because the Zoning Commission failed to refer expressly to maps, charts and descriptive matters forming the pattern or part thereof. The development pattern recommended a single land use classification, and the notice of the public hearing held prior to the Zoning Commission's recommendation on the development pattern contained a legal description of the district. Under these circumstances, we agree with the District Court's conclusion that the statutory requirement for reference to maps, charts,

and descriptive matters was substantially complied with. <u>Doull</u>, 377 P.2d at 763.

## Issue VII.

Mr. Petty contends that the District Court erred by relying on latches to find for the Board on its motion for summary judgment. As pointed out in our discussion of issue V, the essential conclusion for resolution of this case was the District Court's finding that the Board had substantially complied with the procedures for creating districts under the 40 acre law. Thus, there is no issue which requires our determination. Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

11