

DA 08-0404

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 323

MICHAEL J. FASBENDER, JOHN W.
HERRIN, and JOHN and JANE DOES
1-25,

   Plaintiffs and Appellants,

  v.

LEWIS AND CLARK COUNTY BOARD OF
COUNTY COMMISSIONERS, DEPUTY COUNTY
ATTORNEY, PAUL STAHL, and CHIEF
ADMINISTRATIVE OFFICER, RON ALLES,

   Defendants and Appellees.

APPEAL FROM:  District Court of the First Judicial District,
       In and For the County of Lewis and Clark, Cause No. BDV 2006-898
       Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

   For Appellants:

      W. A. (Bill) Gallagher, Gallagher and Associates, Helena, Montana

   For Appellees:

      Leo J. Gallagher, County Attorney; K. Paul Stahl, III, and Jeff Sealey,
      Deputy County Attorneys, Helena, Montana

        Submitted on Briefs: July 8, 2009
            Decided: October 1, 2009

Filed:

   _____
         Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Michael J. Fasbender, John W. Herrin, and unnamed plaintiffs John and Jane Does 1-25 (collectively Fasbender), challenged the adoption of interim zoning regulations by the Lewis and Clark County Board of County Commissioners (Board).  Fasbender appeals from an Order in the First Judicial District, Lewis and Clark County, granting summary judgment to the Board.   We affirm.

¶2     We review the following issues on appeal:

¶3     *Did the District Court correctly hold that the notice provided by the Board of its intent to adopt interim zoning regulations, and the hearing that it conducted, satisfied the procedural requirements of § 76-2-205, MCA (2005)?*

¶4     *Did the District Court correctly declare void  the Board's  permanent zoning regulations for failure to comply substantially with the notice provisions of  § 76-2-205, MCA (2005)?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5     The Board published two separate notices, on August 6, 2006, and August 13, 2006, of public hearings to discuss zoning in the Helena valley.   The Board held a public hearing on August 23, 2006, and accepted public comment, as required by § 76-2-205(2), MCA. The Board allowed additional time for public comment.  The Board used this additional time to consider the comments submitted and to review the recommendations of the Lewis and Clark City-County Consolidated Planning Board (Planning Board).

2

¶6    After the hearing on August 23, 2006, the Board passed a resolution of intent to create a zoning district in the Helena valley and adopt the proposed regulations. The Board published a single notice of this resolution on September 17, 2006. The Board failed to publish the second notice the following week, however, as required by § 76-2-205(5), MCA. The Board eventually approved the zoning district and accompanying zoning regulations on November 16, 2006.

¶7    Fasbender sent an email to the Board on November 17, 2006, in which he inquired as to the dates of publication of the public notice of intent. Fasbender's email prompted the Board to recognize that it had failed to provide the second statutorily required notice. The Board determined that this omission prevented it from adopting the zoning regulations.

¶8    The Board immediately proceeded to adopt interim zoning regulations. The interim regulations essentially mirrored the originally proposed permanent regulations. The Board published separate notices on November 23, 2006, and December 3, 2006, of a public hearing on the proposed interim zoning regulations. The Board held a public hearing on December 12, 2006. The Board adopted the interim zoning regulations at the conclusion of the hearing even though the Planning Board had not yet reviewed the interim regulations and the Board had not offered the public a 30-day protest period. The Board also did not adopt a resolution of intent before approving the interim regulations.

¶9    Fasbender filed suit on December 18, 2006. He challenged the Board's failure to follow *all* of the procedural requirements set forth in § 76-2-205, MCA, in adopting the interim zoning regulations. Fasbender also alleged that the Board substantially had complied

3

with the notice requirements of § 76-2-205, MCA, in its original efforts to adopt the permanent zoning regulations. Fasbender alleged that the Board erroneously had declared void the original permanent zoning regulations. The District Court granted summary judgment in favor of the Board on both issues. Fasbender appeals.

**STANDARD OF REVIEW**

¶10   We review *de novo* a district court's grant of summary judgment. *Citizen Advoc. for a Livable Missoula, Inc. v. City Council of City of Missoula*, 2006 MT 47, ¶ 16, 331 Mont. 269, 130 P.3d 1259. Summary judgment is appropriate only when "there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law." *Patterson v. Verizon Wireless*, 2005 MT 261, ¶ 9, 329 Mont. 79, 122 P.3d 1193.

¶11   We review a district court's conclusions of law to determine if they are correct. *Steer, Inc. v. Dept. of Revenue*, 245 Mont. 470, 474, 803 P.2d 601, 603 (1990). We review *de novo* a district court's interpretation of statutes. *LHC, Inc. v. Alvarez*, 2007 MT 123, ¶ 13, 337 Mont. 294, 160 P. 3d 502.

**DISCUSSION**

¶12   *Did the District Court correctly hold that the notice provided by the Board of its intent to adopt interim zoning regulations, and the hearing that it conducted, satisfied the procedural requirements of § 76-2-205, MCA (2005)?*

¶13   Fasbender argues that § 76-2-205(1)-(6), MCA, requires the Board to go beyond providing notice and conducting a public hearing in adopting interim zoning regulations. He contends that § 76-2-205, MCA, also requires the Planning Board to review proposed

4

interim zoning regulations. Fasbender claims that after the Planning Board reviews the proposed interim regulations, the Board must pass a resolution of its intent to adopt the interim regulations, publish two notices of the intent to pass the resolution, and receive written protests after notice. He argues that the Board's failure to take these steps invalidates the interim zoning regulations.

¶14 Fasbender cites for support this Court's decisions in *Bryant Dev. Ass'n. v. Dagel*, 166 Mont. 252, 531 P.2d 1320 (1975), and *State ex rel. Christian, Spring, Sielbach & Assoc. v. Miller*, 169 Mont. 242, 545 P.2d 660 (1976). This Court invalidated an interim zoning regulation in each case due to the failures of the counties to provide notice and a hearing as required by § 76-2-205, MCA. As a result, Fasbender argues that the interim zoning statute-- § 76-2-206, MCA--incorporates *all* of the procedural requirements set forth in § 76-2-205, MCA. We disagree.

¶15 In neither *Bryant*, nor *Christian*, did this Court hold that § 76-2-206, MCA, incorporates from the permanent zoning statute any procedural requirements beyond notice and hearing. The Court in *Bryant* cited the fact that the notice and hearing provisions of the permanent zoning statute applied with equal force to the interim zoning statute. *Bryant*, 166 Mont. at 258, 531 P.2d at 1324. The Court voided the county's adoption of an emergency interim zoning regulation due to the county's failure to provide notice and a hearing. *Bryant*, 166 Mont. at 258, 531 P.2d at 1324.

¶16 Similarly, in *Christian*, the clerk and recorder had refused to file the landowner's certificate of survey due to the county's recent adoption of an interim zoning regulation.

5

*Christian*, 169 Mont. at 244, 545 P.2d at 661. The Court cited the county's undisputed failure to provide notice and a hearing on the interim zoning regulation to support its decision to invalidate the interim zoning regulation. *Christian*, 169 Mont. at 244-45, 545 P.2d at 661-62. The landowner's "fundamental right to notice and the opportunity to be heard" trumped any short-cuts created by the interim zoning statute. *Christian*, 169 Mont. at 245, 545 P.2d at 662.

¶17 Here the Board complied with the affected landowners' "fundamental right to notice and the opportunity to be heard" in adopting the interim zoning regulations. The Board published separate notices of the proposed interim zoning regulations on November 23, 2006, and December 3, 2006. The Board held a public hearing on the interim zoning regulations on December 12, 2006. This Court in *Bryant* and *Christian* read only the notice and hearing requirements of the permanent zoning statute into the interim zoning statute. Due process requires nothing more.

¶18 The legislature enacted a separate statute--§ 76-2-206, MCA--to address interim zoning regulations. The interim zoning statute makes no mention of the procedural prerequisites asserted by Fasbender. The interim zoning regulation statute would be rendered superfluous if we adopted Fasbender's view that it required the Board to follow all of the procedural steps for permanent zoning regulations set forth in § 76-2-205, MCA.

¶19 *Did the District Court correctly declare void the Board's permanent zoning regulations for failure to comply substantially with the notice provisions of § 76-2-205, MCA (2005)?*

6

¶20    The pertinent portion of § 76-2-205(5), MCA, directs that the Board "shall publish notice of passage of the resolution of intention once a week for 2 weeks" as part of the process to adopt permanent zoning regulations. The notice must include the boundaries of the proposed district, the character of the proposed zoning regulations, and the fact that the public may inspect the proposed zoning regulations at the clerk and recorder's office. Section 76-2-205(5)(a)-(c), MCA (2005). The Board's notice also must indicate that it will receive written protests for 30 days after first publication of the notice. Section 76-2-205(5)(d), MCA (2005).

¶21    Fasbender argues that the Board substantially complied with the notice requirements of § 76-2-205, MCA, when it published a single notice of passage of the resolution of intent and local newspapers published thirteen articles regarding the proposed zoning between August 24, 2006, and October 14, 2006. Fasbender points to § 2-3-104(4), MCA, to support his claim that the newspaper articles contributed to the Board's compliance with the notice requirements.

¶22    This statute provides that an agency shall be considered to have complied with the notice provisions of § 2-3-103, MCA, if a newspaper of general circulation within the affected area "has carried a news story or advertisement concerning the decision sufficiently prior to a final decision to permit public comment on the matter." Section 2-3-104(4), MCA (2005). Fasbender argues that the Board ignored the applicability of § 2-3-104(4), MCA, and, in effect, imposed a strict compliance standard. Fasbender contends that other land use decisions of this Court have applied only a substantial compliance standard.

7

¶23 Fasbender correctly notes that this Court has applied a "substantial compliance" standard to a district court's review of whether a county has met the procedural requirements for creating zoning districts. *Yurczyk v. Yellowstone Co.*, 2004 MT 3, ¶ 22, 319 Mont. 169, 83 P.3d 266, citing *Petty v. Flathead City Bd. of City Commrs.*, 231 Mont. 428, 431, 754 P.2d 496, 498-99 (1988). In *Yurczyk*, a landowner challenged the adoption of a zoning regulation by the Yellowstone County Board of County Commissioners on the grounds that the board had failed to clarify that its members were voting in their capacities as board members, and not as planning and zoning commissioners. *Yurczyk*, ¶ 23. Section 76-2-107, MCA, authorizes only board members to adopt zoning regulations. The landowner alleged that the voting members' failure to state whether they were voting in their capacities as board members voided the regulation. *Yurczyk*, ¶ 22.

¶24 The Court recognized that the record was not entirely clear as to whether the board of county commissioners had voted in their capacities as board members or in their capacities as zoning commissioners. The record was clear, however, that the board members had voted at a board hearing. The Court pointed to the fact that § 76-2-107, MCA, had created this ambiguous situation by having some board members serve in dual capacities as members of the board of county commissioners and as members of the zoning commission. *Yurczyk*, ¶¶ 23-24. The record established that the board substantially had complied with the requirements of § 76-2-107, MCA, in establishing the zoning regulation. *Yurczyk*, ¶ 22.

¶25 A review of the statutory requirements and the actions taken by the Board in this case fail to persuade that the Board complied substantially with § 76-2-205, MCA. The first

8

sentence of § 76-2-205(5), MCA, requires the Board to publish notice "once a week for 2 weeks." The Board published the first notice on September 17, 2006, but failed to publish a second notice the week of September 24, 2006. The Board published one notice when the statute explicitly requires two published notices during two consecutive weeks. This effort fails to rise to the level of substantial compliance. The notice provisions of § 76-2-205, MCA, contain no ambiguity similar to that found in § 76-2-107, MCA, that survived challenge in *Yurczyk*. We cannot equate fifty percent compliance with substantial compliance.

¶26 The thirteen published newspaper articles certainly pertained to the proposed zoning regulations. The Board initiated none of these articles, however, and none of the thirteen articles contained the mandatory requirements of § 76-2-205(5)(a)-(d), MCA. The statute directs that the notice describe the boundaries of the proposed district, the character of the proposed regulations, and the notice must explain the fact that the proposed regulations are on file for public inspection. Section 76-2-205(5)(a)-(c), MCA (2005). The statute also provides that the notice must contain the fact that the Board shall receive written protests for 30 days. Section 76-2-205(5)(d), MCA (2005). We decline to follow Fasbender's logic that newspaper articles and opinion pieces published by persons other than the Board, and lacking essential elements of the statute, can be used to raise the Board's efforts to the level of substantial compliance with § 76-2-205, MCA.

¶27 Fasbender also misplaces reliance on § 2-3-104(4), MCA. Section 2-3-104, MCA, falls within the scope of § 2-3-103, MCA, the general public participation statute. Section 2-

9

3-103, MCA, ensures that state agencies provide the public adequate notice of their proposed actions and opportunity to participate. A well-settled rule of statutory construction provides, however, that "the specific prevails over the general." *State v. Smith*, 2004 MT 191, ¶ 17, 322 Mont. 206, 95 P.3d 137, citing *State v. Feight*, 2001 MT 205, ¶ 21, 306 Mont. 312, 33 P.3d 623. Section 76-2-205, MCA, sets forth specific provisions that a board must follow when it proposes to adopt permanent zoning regulations. These specific notice provisions in § 76-2-205, MCA, supersede the general notice provisions contained § 2-3-104, MCA, designed for state agencies. The District Court correctly determined that the Board had not complied substantially with § 76-2-205, MCA.

¶28 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

Justice James C. Nelson, specially concurring.

¶29 I concur in the Court's Opinion; however, I would overrule *Bryant Development Assn. v. Dagel*, 166 Mont. 252, 531 P.2d 1320 (1975), and *State ex rel. Christian, Spring, Sielbach and Assocs. v. Miller*, 169 Mont. 242, 545 P.2d 660 (1976), rather than simply distinguishing those cases. Opinion, ¶¶ 14-17. In my view, both cases were wrongly decided. When one looks to the plain language of § 16-4711, RCM (the predecessor of § 76-2-206, MCA), it is

10

apparent that there is absolutely no language in this statute requiring any notice or hearing for the adoption of interim zoning maps or regulations. Hence, the *Bryant* and *Christian* Courts' reading into § 16-4711, RCM, some, but not all, of § 16-4705, RCM[1] (i.e., just the notice and hearing requirements) was as patently violative of § 1-2-101, MCA,[2] as is reading into § 76-2-206, MCA, the notice and hearing provisions of § 76-2-205, MCA. Neither *Bryant* nor *Christian* should continue to stand as precedent to confuse the law in future cases involving § 76-2-206, MCA.

¶30 Finally, while I agree with the Court's discussion at ¶¶ 21, 22, and 27 pertaining to §§ 2-3-103 and -104, MCA, vis-à-vis § 76-2-205, MCA, the Opinion provides no guidance as to what notice, if any, is required for the adoption of interim zoning maps and regulations under § 76-2-206, MCA. In this regard, and because § 76-2-206, MCA, contains no specific notice and hearing requirements (unlike § 76-2-205, MCA), §§ 2-3-103 and -104, MCA, are applicable. *See Jones v. County of Missoula*, 2006 MT 2, 330 Mont. 205, 127 P.3d 406. Moreover, and reading together §§ 2-3-103 and -104, MCA, and another pertinent statute, § 7-1-2121, MCA, it appears to me that appropriate and sufficient notice and an opportunity to be heard were provided in the instant case. That said, in future cases of this sort, I would

---

[1] Section 16-4705, RCM, is the counterpart to § 76-2-205, MCA. Both pertain to the adoption of nontemporary zoning regulations and boundaries. And, like § 16-4711, RCM, and § 76-2-206, MCA, which pertain to the adoption of temporary zoning maps or regulations, the provisions of both are very similar, though not identical.

[2] "In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all."

11

hold that for purposes of adopting interim zoning maps or regulations under § 76-2-206, MCA, the local government must demonstrate that notice and an opportunity to be heard sufficient to comply with §§ 2-3-103, 2-3-104, and 7-1-2121, MCA, were given in advance of adoption.

¶31    With these additional points, I concur in the Court's Opinion.


                                        /S/ JAMES C. NELSON