JUSTICE COTTER,
dissenting.
¶24 I respectfully dissent from the Opinion of the Court in two particulars. First, I disagree with the District Court’s and this Court’s conclusion that the BOCC’s waiver of strict compliance with the *495 County resolution was error. While it is certainly true that County officials are obligated to comply with governing statutes when making zoning decisions (Bryant Dev. Ass’n v. Dagel, 166 Mont. 252, 531 P.2d 1320 (1975)), there is no parallel authority requiring local officials to strictly comply with their own local ordinances, nor does the Court cite any such authority.
¶25 Though the Court combs the record here in search of a suggestion of prejudice, in truth the Neighbors suffered no injustice whatsoever in the BOCC proceedings. The District Court conceded as much when it was unable to make a finding of prejudice on the record, stating only that “[t]he Court will not assume a lack of prejudice.” The notion that the N eighbors were somehow prejudiced by the BOCC’s waiver of strict compliance with the local ordinance is wholly belied by the fact that they were able to successfully block the zoning district by collecting protests from landowners holding precisely 60.7% of the total acreage in the proposed district. Opinion, ¶ 7. This accomplishment clearly signals that the Neighbors knew exactly what land was at issue and establishes that they were not at all prejudiced by the actions of the BOCC. Our conclusion to the contrary finds no substantive support in the record.
¶26 The more significant error of the District Court and this Court, however, is the refusal to take up and resolve the constitutional issue raised by the Silvertip Landowners. As the Court notes, the plaintiffs requested in their declaratory action a judgment declaring that the “protest provision” included in § 76-2-101(5), MCA, is unconstitutional (Opinion, ¶ 1), a wholly appropriate subject for declaratory relief. Section 27-8-202, MCA, permits any person “whose rights, status, or other legal relations are affected by a statute ....” to obtain a declaration of rights, status, or legal relations. The constitutionality of the protest provision was fully briefed by the Silvertip Landowners and the Neighbors in the District Court and this Court, yet both Courts inexplicably sidestep it until it is “properly before the court.” Opinion, ¶ 22. Respectfully, the constitutional issue is properly before this Court now and it will not change regardless of the outcome of a successive petition to create a zoning district and an ensuing declaratory action.
¶27 As we acknowledge, the BOCC rescinded its resolution of intent to grant the Silvertip Landowners’ petition and voted to deny the creation of the proposed zoning district, “citing as the reason for doing so the formal protests lodged.” Opinion, ¶ 7. We therefore know that the BOCC rejected the zoning district premised upon the number of protests filed; we know that the precise issue raised in the Silvertip Landowners’ petition for declaratory relief is the constitutionality of *496 the subject protest provision; and we know that this Court previously declared a virtually identical protest provision in a zoning statute to be an unconstitutional delegation of legislative power to protesting landowners in Williams v. Bd. of Cty. Comm’rs, 2013 MT 243, 371 Mont. 356, 308 P.3d 88. This being so, there is no conceivable utility in declining to reach the constitutional issue here and now, especially given that the issue is purely one of law untethered to the record.
¶28 Because we decline to reach this issue now, the Silvertip Landowners will be compelled to expend the time and resources to refile their zoning petition before the BOCC, await the protests of the Neighbors, and face again a rejection of their proposal by the BOCC premised upon the number of protests filed. They will then have to return to the District Court, at which time the same constitutional issue will be presented unaltered from its present form. And then, irrespective of the outcome of the District Court decision, the same issue will be back here for review. This complete waste of the parties’ and the courts’ time and resources would be forestalled if this Court were to resolve the constitutional issue now, one way or the other. Not to do so is senseless. I therefore strongly dissent from our refusal to resolve the constitutional issue before us.